## PINE POINT CORPORATION *v.* THE WESTPORT BANK AND TRUST COMPANY

HOUSE, C. J., RYAN, SHAPIRO, LOISELLE and MACDONALD, Js.

Argued October 5—decided November 8, 1972

*Samuel T. Rost,* with whom was *Mark A. Rubenstein* and, on the brief, *Edwin J. Elson,* for the appellant (plaintiff).

*Richard J. Diviney,* for the appellee (defendant).

PER CURIAM. In this case the plaintiff, drawer of a check, alleged negligence on the part of the defendant drawee bank in paying the check on which the stated date had been fraudulently altered. The defendant denied the allegations of negligence and raised as special defenses its status as a holder in due course and its payment of the check in good faith. The parties requested that the court decide the issues on a written stipulation of facts which they jointly represented to the court was "a complete statement of all the material facts in this case." By this stipulation, it was agreed that the plaintiff drew a postdated check on the defendant bank, that the original date of March 12, 1970, was fraudulently and materially altered to March 2,

1970, after delivery to the payee's agent, that the defendant paid the check on March 11, 1970, and that the plaintiff notified the bank of the alteration on April 8, 1970. The stipulation and the court refer to the cancelled check, which was filed and marked exhibit A. Confining themselves to the stipulation of facts, both parties moved for summary judgment and presented supporting affidavits. The check, stipulation, affidavits and pleadings, however, left unresolved questions as to the conspicuousness of the alteration and the bank's exercise of ordinary care. On the urging of both counsel, nevertheless, the court proceeded to make a determination of the issues. These issues were found for the defendant.

It is unnecessary to enumerate all of the plaintiff's assignments of error, for the procedure followed by the court was clearly irregular under § 303 of the Practice Book, which requires that "judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In passing on the defendant's motion for summary judgment, the trial court is limited to deciding whether an issue of fact exists, but in so doing, it cannot try that issue if it does exist. *United Oil Co.* v. *Urban Redevelopment Commission,* 158 Conn. 364, 377, 260 A.2d 596; *Rathkopf* v. *Pearson,* 148 Conn. 260, 264, 170 A.2d 135. In the *Rathkopf* case, this court explained that summary judgment procedure was designed essentially to provide for the disposal of frivolous defenses and to prevent parties from using formal pleadings as instruments of delay. *Rathkopf* v. *Pearson,* supra. As explained fully in *United Oil Co.* v. *Urban Redevelopment Commission,* supra, 375–80,

56

the procedure was not intended as a substitute for the trial of issues at an evidentiary hearing, even though the parties insist that they are entitled to judgment as a matter of law. It is especially ill-adapted to negligence cases, where, as here, the ultimate issue in contention involves a mixed question of fact and law, and requires the trier of fact to determine whether the standard of care was met in a specific situation. Since the conclusion of negligence is necessarily one of fact; *Cappiello* v. *Haselman,* 154 Conn. 490, 495, 227 A.2d 79, *Farrell* v. *Waterbury Horse R. Co.,* 60 Conn. 239, 250, 21 A. 675; the court should have denied the motions for summary judgment and ordered a trial on the disputed issue of fact.

There is error, the judgment is set aside and the case is remanded with direction to proceed according to law.