ALBERT ALTIERI ET AL. *v.* T. C. NANAVATI ET AL.

SUPERIOR COURT    JUDICIAL DISTRICT OF    FILE NO: 022087S
                  ANSONIA/MILFORD

Memorandum filed December 11, 1989

*Gentile, Chiota & Altieri,* for the plaintiffs.
*John David Salling,* for the defendants.

FULLER, J. This is an action against a veterinarian for negligence, claiming that the named defendant performed unwanted surgery on the plaintiffs' dog, a Lhasa Apso. The first count is against the named defendant, individually. The second count is also a negligence claim against Ansonia Animal Clinic, P.C., a professional corporation in which the named defendant is the sole shareholder and apparently the sole veterinarian. The named defendant claims that he has always practiced under the P.C. designation. Both counts allege that the injuries to the plaintiffs were due to "the negligence, carelessness and recklessness" of the defendants.

The named defendant has moved for summary judgment on four grounds: (1) there is no claim against him individually because he was practicing as a professional corporation; (2) the plaintiffs are not entitled to judgment on grounds of reckless conduct; (3) there is no basis for a claim of economic loss for not being able to breed the dog, which was neutered by the unwanted

surgery; and (4) the plaintiffs cannot recover damages for their emotional distress as a result of the dog's condition.

Under Practice Book § 384, a summary judgment can be granted if the pleadings, affidavits and other documentary proof show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Zichichi* v. *Middlesex Memorial Hospital,* 204 Conn. 399, 402, 528 A.2d 805 (1987); *Bartha* v. *Waterbury House Wrecking Co.,* 190 Conn. 8, 11, 459 A.2d 115 (1983). In determining whether there is a material issue of fact, the evidence is considered in the light most favorable to the nonmoving party. *Strada* v. *Connecticut Newspapers, Inc.,* 193 Conn. 313, 317, 477 A.2d 1005 (1984). Summary judgment is usually inappropriate in a negligence action where the ultimate issue in contention involves mixed questions of fact and law and requires the trier of fact to determine whether the standard of care was met in a specific situation. *Fogarty* v. *Rashaw,* 193 Conn. 442, 446, 476 A.2d 582 (1984); *Spencer* v. *Good Earth Restaurant Corporation,* 164 Conn. 194, 198, 319 A.2d 403 (1972); *Pine Point Corporation* v. *Westport Bank & Trust Co.,* 164 Conn. 54, 56, 316 A.2d 765 (1972). Besides proving that there is no genuine issue of material fact, a party must also show that he is entitled to judgment as a matter of law in order to obtain a summary judgment. *Zichichi* v. *Middlesex Memorial Hospital,* supra; *Bartha* v. *Waterbury House Wrecking Co.,* supra.

There is a question of fact as to whether the named defendant was acting as an employee of a professional corporation when he engaged in the conduct of which the plaintiffs have complained. Even if the named defendant's position is accepted, it is clear that all the plaintiffs' dealings with Ansonia Animal Clinic were with the named defendant, its only veterinarian. General Statutes

§ 33-182e, one of the statutes on professional service corporations, provides in part: "Any officer, agent or employee of a corporation organized under this chapter shall be personally liable and accountable only for negligent or wrongful acts or misconduct committed by him . . . while rendering professional services on behalf of the corporation to the person for whom the professional services were being rendered . . . ." Further, Connecticut case law is that an agent or an officer of a corporation who commits or participates in the commission of a tort, whether or not he acts on behalf of his principal or the corporation, is liable to persons injured by his conduct. *Scribner* v. *O'Brien, Inc.,* 169 Conn. 389, 404, 363 A.2d 160 (1975).

The named defendant's second claim is an attempt to remove the allegations of reckless conduct from both counts of the complaint. This is not the role of a motion for summary judgment. Summary judgment may be addressed to a complaint, a counterclaim or a cross complaint. Practice Book § 379. An interlocutory summary judgment may also be granted on the issue of liability even though there is a factual issue as to damages. Practice Book § 385. Summary judgments have also been granted as to entire counts of a complaint or as to an entire special defense, but there is no precedent for a summary judgment as to some of the allegations of liability and damages contained within a count. The allegations of recklessness, tied to the claims of negligence, cannot be removed by summary judgment. There is also a question of fact regarding whether performing an unwanted operation on the dog is, under the circumstances, actionable as reckless conduct.

At the time of the trial it is unlikely that the plaintiffs will be able to recover, as an element of damages, any alleged emotional distress they may have experienced as a result of the surgery on their dog. In *Maloney* v. *Conroy,* 208 Conn. 392, 402, 545 A.2d 1059

(1988), the Supreme Court recently held that there can be no bystander emotional disturbance claims arising from medical malpractice on another person. There is no reason to believe that malpractice on the family pet will receive higher protection than malpractice on a child or spouse. The emotional distress claim is buried among other allegations of negligence and damages in the complaint, however, and for the reason discussed above, cannot be excised from the complaint by way of a motion for summary judgment. The same problem exists with respect to the claim of financial loss to the plaintiffs owing to their inability to breed the dog. Neither party has produced any Connecticut law on this issue, and the named defendant has not shown that he is entitled to judgment as a matter of law at this time. Accordingly, it would be academic for the court to resolve the proper elements of damages for injury to the dog at this time. Damages are generally limited to the market value of the dog, although other damages are sometimes allowed. See 1 A.L.R.3d 997.

The motion for summary judgment is denied.