[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE
The plaintiff Carol Baton brings a four count complaint dated July 6, 1990 against Smith Real Estate Company (hereinafter the corporate defendant) and four officers of the corporation (hereinafter the individual defendants). In the first count the plaintiff alleges that she was wrongfully discharged from her position as general manager of the corporation's Niantic office in retaliation for exercising her rights pursuant to the Connecticut Workers' Compensation Act, in violation of Connecticut General Statutes section 31-290a. In the second count the plaintiff alleges wrongful termination. In the third count the plaintiff alleges breach of an implied covenant of good faith and fair dealing. In the fourth count the plaintiff alleges defamation.
All defendants filed the subject motion to strike on CT Page 3162 August 20, 1990, along with an accompanying memorandum of law. On September 26, 1990, the plaintiff filed a memorandum of law in opposition to the motion to strike.
A hearing was held on October 1, 1990, at which oral argument was had.
The purpose of a motion to strike is to test the legal sufficiency of a pleading. Mingachos v. CBS, Inc.,196 Conn. 91, 108 (1985). In ruling on a motion to strike, the trial court is limited to considering the grounds specified in the motion. Meredith v. Police Commission, 182 Conn. 138, 140
(1980). The court also is limited to the facts alleged in the plaintiffs' complaint, which must be construed most favorably to the plaintiff. Gordon v. Bridgeport Housing Authority,208 Conn. 161, 170 (1988). "The trial court may not seek beyond the complaint for facts not alleged." Cavallo v. Derby Savings Bank, 188 Conn. 281, 285-86 (1982). While the motion to strike admits all well-pleaded facts, it does not admit the truth or accuracy of opinions or legal conclusions stated in the pleading. Mingachos v. CBS, Inc., 196 Conn. 91 at 108 (1985).
Connecticut Practice Book section 154 requires a motion to strike raising a claim of legal insufficiency to set forth each claim of legal insufficiency and "distinctly specify the reason or reasons for each such claimed insufficiency." The defendants' motion states only that the plaintiff's complaint "fails to state a claim upon which relief can be granted" and refers to the attached supporting memorandum of law. The plaintiff has not objected to the defendants' failure to comply with Connecticut Practice Book section 154.
A motion to strike which does not specify the grounds of insufficiency is fatally defective. Blancato v. Feldspar Corp., 203 Conn. 34, 36, n. 3 (1987). The Practice Book requirement that a motion to strike must be accompanied by a memorandum of law "does not dispense with the requirement of section 154 that the reasons for the claimed pleading deficiency be specified in the motion itself." King v. Board of Education, 195 Conn. 90, 94, n. 4 (1985).
Nevertheless, in Morris v. Hartford Courant Company, the Supreme Court noted that the plaintiff had failed to object to the defendant's failure to comply with section 154; the Court then went on to state "because we do not consider Practice Book section 154 to be jurisdictional in nature, we will consider the motion to strike in the form presented to the trial court." Morris v. Hartford Courant Company,200 Conn. 676, 683, n. 5 (1986). The Court further noted: CT Page 3163
 Despite the fact that the defendant failed to assert a distinct basis for the legal insufficiency of the complaint in its motion to strike, we see no injustice to the plaintiff here, because its inclusion in the supporting memorandum of law provided adequate and sufficient notice to the plaintiff of a potential inadequacy in his complaint that could have been cured by pleading over.
Id. at 684.
When a motion to strike is unspecific but adequately submits the material issue to the court, the motion is sufficient to comply with Connecticut Practice Book section 154. Rowe v. Godou, 12 Conn. App. 538, 541-42 (1987), reversed on other grounds, 209 Conn. 273 (1988).
Based upon this analysis the Court will look to the merits of the matter.
The defendants move to strike paragraphs 16 and 18 of the first count, which allege:
 16. The defendants conspired on August 15, 1989 and for a period of time prior thereto to discharge the plaintiff because of a recently incurred physical limitation.
 18. The plaintiff has been the victim of a conspiracy by the defendants to improperly discharge her.
The defendants argue that the plaintiff has not stated a valid cause of action for conspiracy because a conspiracy cannot exist between a corporation and its employees acting within the scope of their employment. The plaintiff argues that she is not attempting to state a claim for conspiracy, "but has merely described the actions of the defendants as conspiratorial."
A motion to strike may not be addressed to separate paragraphs of a complaint. Ahsan v. Olsen, 3 CSCR 55
(November 9, 1987, Wagner, J.), quoting Schraeder v. Rosenblatt, 26 Conn. Sup. 182, 190 (Super.Ct., 1965). "A single paragraph or paragraphs can only be attacked for insufficiency when a cause of action is therein attempted to CT Page 3164 be stated." Donovan v. Davis, 85 Conn. 394, 397 (1912).
Construing the allegations in the complaint most favorably to the plaintiff and reading the complaint as a whole, paragraphs 16 and 18 do not state a separate cause of action for conspiracy. Therefore, the motion to strike these paragraphs is denied.
If the defendants, by their motion to strike, intended to require the plaintiff to delete the word "conspiracy" from her complaint, the request to revise, not the motion to strike, is the proper pleading for seeking the deletion of irrelevant, immaterial or improper allegations. Connecticut Practice Book section 147; see also Regal Steel, Inc. v. Farmington Ready Mix 36 Conn. Sup. 137, 140
(Super. Ct., 1980); Donovan v. Davies, 85 Conn. at 398.
All defendants also move to strike the entire complaint "as it relates to the individual defendants." All four counts of the plaintiff's complaint combine allegations against both the corporate defendant and the individual defendants. A party may not move to strike parts of a complaint not directed against him. Hofmiller v. Joseph,18 Conn. Sup. 143, 144 (Super.Ct. 1952).
In a similar situation the Supreme Court noted:
 It is true that the plaintiff's complaint is confusing because it combines, in a single count, separate causes of action against the individual defendant and the municipality (footnote omitted). Since there was nothing to prevent those two possible causes of action from being joined in the same complaint (footnote omitted), however, the proper way to clear any confusion in that regard is to file a motion (sic) to revise, not a motion to strike the entire complaint. Practice Book section 147(3) (footnote omitted). If a request to revise had been granted and complied with, the defendants would then have been in a position to move to strike any count of the plaintiff's revised complaint pertaining to their respective liabilities for which the plaintiff was unable to allege the necessary prerequisites (footnote omitted). Practice Book section 152(1); (footnote and citation omitted).
CT Page 3165
Rowe v. Godou, 209 Conn. 273, 279 (1988).
Because the corporate defendant is moving to strike parts of the complaint not directed to it, the defendants' motion to strike is defective and is denied.
Also the defendants' motion to strike the entire complaint "as it relates to the individual defendants" must be denied on the ground that the plaintiff has alleged sufficient facts to state a basis for imposing liability on the individual defendants.
In her complaint the plaintiff alleges that at all relevant times in the complaint each of the individual defendants were officers of the defendant corporation (paragraphs 3, 4, 5 and 6 of all four counts). The plaintiff further alleges that on August 15, 1989, the individual defendants telephoned the plaintiff, via a "conference call," and informed her that her employment as general manager had been terminated. (Paragraphs 9 and 10, all four counts.)
 It is. . . true that an officer of a corporation does not incur personal liability for its torts merely because of his official position. Where, however, an agent or officer commits or participates in the commission of a tort, whether or not he acts on behalf of his principal or corporation, he is liable to third persons injured thereby.
DeSantis v. Piccadilly Land Corp., 3 Conn. App. 310, 316
(1985), quoting Scribner v. O'Brien, Inc., 169 Conn. 389, 404
(1975); see also Maturo v. Gerard, 196 Conn. 584, 588 (1985); Altieri v. Nanavati, 41 Conn. Sup. 317, 318 (1989).
The plaintiff has alleged that the individual defendants committed or participated in the wrongful act complained of, namely terminating her employment. Consequently, the plaintiff's complaint states a claim against the individual defendants upon which relief can be granted.
For all of the foregoing reasons the defendants' motion to strike is denied.
LEUBA, J. CT Page 3166