[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
This is an action in negligence in which the plaintiff claims that there was a collision between a vehicle driven by her on Broadridge Road in Bridgeport and a vehicle driven by CT Page 3018 the defendant Pace and owned by the defendant Portanova, Inc. The plaintiff claims that the accident occurred at the intersection of Broadridge Road and Huntington Road and was caused by the negligence of Pace when he swerved left into her lane of travel while attempting to turn right onto Huntington Road. The defendants filed an answer denying the allegations of negligence and filed a special defense of contributory negligence. The plaintiff has moved for summary judgment.
"Under Practice Book Section 384, a summary judgment can be granted if the pleadings, affidavits and other documentary proof show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Zichichi v. Middlesex Memorial Hospital, 204 Conn. 399, 402,528 A.2d 805 (1987); Bartha v. Waterbury Housewrecking Co.,190 Conn. 8, 11, 459 A.2d 115 (1983). In determining whether there is a material issue of fact, the evidence is considered in the light most favorable to the non-moving party. Strada v. Connecticut Newspapers, Inc., 193 Conn. 313, 317, 477 A.2d 1005
(1984). Summary judgment usually is inappropriate in a negligence action where the ultimate issue in contention involves mixed questions of fact and law and requires the trier of fact to determine whether the standard of care was met in a specific situation. Fogarty v. Rashaw, 193 Conn. 442, 446,476 A.2d 582 (1984); Spencer v. Good Earth Restaurant Corporation, 164 Conn. 194, 198, 319 A.2d 403 (1973); Pine Point Corporation v. Westport Bank Trust Co., 164 Conn. 54, 66,316 A.2d 765 (1972). Beside proving that there is no genuine issue of material fact, a party must also show that he is entitled to judgment as a matter of law in order to obtain a summary judgment. Zichichi v. Middlesex Memorial Hospital, supra, 402; Bartha v. Waterbury Housewrecking Co., supra, 11." Altieri v. Nanavati, 41 Conn. Sup. 317, A.2d (1990).
In support of her motion for summary judgment, the plaintiff has submitted her affidavit and a police report.
The gist of her affidavit is that she was operating her car in the left lane of Broadridge Road and the defendant Pace was operating a vehicle owned by the defendant Portanova, Inc. in the same direction, but in the right lane. At the intersection of Broadridge Road and Huntington Turnpike, Pace swerved left into her lane of travel while attempting to turn onto Huntington Turnpike. At the scene of the accident Pace said, "It's my fault."
The police accident report contains a summary of the information given to the investigating officer at the scene by the plaintiff, by Pace, and information later received by phone from a witness. CT Page 3019
The defendants have filed no responsive affidavit or documents.
This circumstance appears to be governed by the reasoning of the Supreme Court in Fogerty v. Rashaw, supra.
As to the police accident report, "except for the portion of the police report containing the personal observations of the police officer, none of these statements would have been admissible . . . because of the hearsay rule. They could not, therefore, have been relied upon to support the motion for summary judgment. Practice Book Section 381." Id, at 444.
The failure of the defendants to furnish an affidavit or other document to controvert the facts set forth in the plaintiff's affidavit entitles this court in deciding the summary judgment motion to rely on those facts as stated. Id, at 444-45.
The affidavit however addresses only the issue of the defendant Pace's negligence. The affidavit contains no facts to refute the defendants' claims in their special defense that the plaintiff failed to maintain control of her vehicle; failed to keep a proper lookout; attempted to pass the defendants' vehicle when she knew it was making a wide turn because of the intersection conditions; and other similar allegations.
The affidavit "did not even purport to show the nonexistence of all the issues of fact raised by the pleadings relating to common law negligence . . ." Plouffe v. New York, N.H. H.R. Co., 160 Conn. 482, 488, 280 A.2d 359 (1971). Since these factual issues, contested in the pleadings and not even referred to in the plaintiff's affidavit, remain unresolved, this court would clearly be in error in granting the motion for summary judgment. Fogerty, supra, at 446.
The motion for summary judgment is denied.
NIGRO, J.