[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
In order to obtain summary judgment the moving party must show that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. Connecticut Practice Book, 384; Connelly v. Housing Authority, 213 Conn. 354,364; Bartha v. Waterbury House Wrecking Co., 190 Conn. 8,11.
A party who is secondarily negligent can obtain indemnification from another party whose negligence is primary. Wentraub v. Richard Dahn, Inc., 188 Conn. 570, 573; Kaplan v. Merberg Wrecking Corporation, 152 Conn. 405, 415. This is an exception to the general rule that there is no right of indemnity among joint tortfeasors. Ferryman v. Groton,212 Conn. 138, 142, 143. In order to establish that a party was primarily negligent and thus liable to indemnify a secondarily negligent tortfeasor, the following elements must be proved: (1) the party must have been negligent; (2) the party's negligence rather than another's was the direct and immediate cause of injury; (3) the party had exclusive control over the situation; and (4) the negligent party seeking indemnification did not know of the charged party's negligence, had no reason CT Page 962 to anticipate it and could reasonably have relied on the charged party to act without negligence. Weintraub v. Richard Dahn, Inc., supra. Burkert v. Petrol Plus of Naugatuck, Inc.,216 Conn. 65, 74.
The plaintiffs failed to file any documentary proof in support of their claim that the defendant Bic Corporation cannot recover on its cross-claim for indemnification. Whether or not a party was negligent, the degree of that negligence and whether the standard of care was met in a specific situation presents a mixed question of fact and law which usually cannot be decided on a motion for summary judgment. Pine Point Corporation v. Westport Bank Trust Co., 164 Conn. 54, 56; Fogarty v. Rashaw, 193 Conn. 442, 446.
Extensive discussion of the cross-claim is unnecessary. It contains the necessary elements for indemnification under the primary/secondary or active/passive negligence theory. It specifically alleges in effect that the named plaintiff's negligent conduct was the reason that the minor plaintiff got ahold of the cigarette lighter and burned himself.
The named plaintiff claims that Atkinson v. Berloni,23 Conn. App. 325, 328, creates an additional or fifth requirement for indemnification from a joint tortfeasor, namely "the party seeking indemnification must establish that the alleged indemnitor owed that party a duty based on an independent legal relationship." Id. She also claims that this independent legal relationship does not exist in this case.
This apparent new element in the Atkinson case has not been confirmed by the Supreme Court, but assuming it is essential for a valid indemnification claim, the motion for summary judgment must still be denied. Whether the named plaintiff owed a duty to Bic, the extent of that duty, and whether there was a special duty independent of the duty owed to the minor plaintiff, presents a mixed question of law and fact which cannot be decided on a summary judgment. The Atkinson case is distinguishable because it involved attempted indemnification between two drivers of motor vehicles named as defendants in a motor vehicle accident case. In this products liability case there was a different relationship, namely product manufacturer and consumer (or purchaser) of the product, a more significant pre-injury relationship than two drivers who collide by accident on a highway. There is a genuine issue of material fact about the factual al and legal duties arising out of the relationship, and the plaintiff is not entitled to judgment as a matter of law.
The motion for summary judgment on the cross-claim CT Page 963 is denied.
ROBERT A. FULLER, JUDGE