[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
This is an action by a subcontractor (Balf) against a general contractor (Spera) and the surety under a performance bond (INA) to recover $50,273.50 for labor and materials furnished in 1987 under which a construction project in Bloomfield on which Spera was the successful bidder in 1986. Plaintiff also seeks $11,781.50 in interest.
On May 4, 1990 plaintiff moved for summary judgment which was granted as against Spera but denied as against INA. The parties have stipulated that the motion for summary judgment as against INA may now be reheard and decided de novo without reference to any previous denials since the reasons for the denials were not articulated and have further stipulated to the essential facts. CT Page 10690
The performance bond provides that if Spera fully and promptly pays for the materials and labor, then INA's obligation under the bond is void; otherwise its obligation is to remain in full force and effect. Spera has not made payment. INA defends against liability on the bond on the basis of its special defense that plaintiff failed to provide timely notice as required by General Statutes 49-42.
I. Practice Book 384 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Connell v. Colwell,214 Conn. 242, 246, 571 A.2d 116 (1990). Although the moving party has the burden of showing the nonexistence of any material fact, the opposing party must substantiate its adverse claim by showing that there is a genuine issue of material fact along with evidence of such an issue. Id. The court must view the evidence in the light most favorable to the nonmoving party. Id., 247. "The test is whether a party would be entitled to a directed verdict on the same facts." Id., quoting Batick v. Seymour, 186 Conn. 632, 647,443 A.2d 471 (1982). Summary judgment may be granted on the issue of liability even though there is a genuine factual issue as to damages. Practice Book 384; Altieri v. Nanavati, 41 Conn. Sup. 317,319, 573 A.2d 359 (1990).
II. The core issue addressed by this Motion for Summary Judgment is whether plaintiff was required to give INA notice as required by Public Act 87-345, precedent to bringing this suit.
Prior to Conn. Pub. Act No. 87-345 2 (1987) (hereinafterP.A. 87-345), General Statutes 49-42 read in pertinent part:
 Every person who has furnished labor or material in the prosecution of the work provided for in such contract in respect of which a payment bond is furnished under the provisions of section 49-41 and who has not been paid in full therefor before the expiration of a period of ninety days after the day on which the last of the labor was done or performed by him or material was furnished CT Page 10691 or supplied by him for which the claim is made, has the right to sue on the payment bond for the amount, or the balance thereof, unpaid at the time of institution of the suit and to prosecute the action to final execution and judgment for the sum or sums justly due him. (Emphasis added).
Conn. Pub. Act. No. 87-345 deleted the emphasized language above and substituted the following language:
 . . . may enforce his right to payment under the bond by serving a notice of claims within one hundred-eighty days after the date on which he performed the last of the labor or furnished the last of the material for which the claim is made, on the surety that issued the bond and a copy of the notice on the contractor named as principal in the bond.
The plaintiff argues, in its memorandum in support of the motion for summary judgment, that INA admitted all the essential allegations of the claim stated in Count Three of the complaint, and was defending solely on its special defense that the plaintiff failed to give proper notice pursuant to General Statutes 49-42 as amended by P.A. 87-345. The plaintiff claims that this notice provision does not apply to the performance bond in this case, which is controlled, rather, by the statute in effect at the time the bond was executed. INA argues that the notice requirement ofP.A. 87-345 applies because no cause of action existed against INA until P.A. 87-345 was adopted. Further, INA argues that it is not liable for interest because General Statutes49-41a(b), which permits a subcontractor to collect interest, applies only to the contractor and not to the surety.
III. "A statute `affecting substantial changes in the law' is not to be given a retrospective effect unless it clearly and unequivocally appears that such was the legislative intent." American Masons' Supply Co. v. F. W. Brown Co.,174 Conn. 219, 222-23, 384 A.2d 378 (1978). In that case the court was faced with the issue of whether an earlier amendment to General Statutes 49-42, limiting the time within which to commence suit, should be applied retroactively. The court held that "it is the statute in force at the time of the execution of the contract which controls" and therefore CT Page 10692 the amendment should not be given retroactive effect.
In the instant case if the statute in effect at the time of the issuance of the performance bond controls the transaction, P.A. 87-345 does not apply, and the plaintiff was not required to give notice to INA. Accordingly, plaintiff is entitled to judgment as a matter of law with respect to INA's liability for the principal amount of the debt.
IV. The defendant argues that it is not liable for interest on the principal amount due to the plaintiff because49-41a(b), which permits a subcontractor to collect interest, applies only as against the contractor and not the surety.
Section 49-41a(b) provides in part:
 If payment is not made by the general contractor or any of its subcontractors in accordance with such requirements, the subcontractor shall set forth his claim against the general contractor and the subcontractor of a subcontractor shall set forth its claim against the subcontractor through notice by registered or certified mail. Ten days after the receipt of that notice, the general contractor shall be liable to its subcontractor, and the subcontractor shall be liable to its subcontractor, for interest on the amount due and owing at the rate of one percent per month.
It is a court's duty to "`interpret statutes as they are written,'" rather than "`read into statutes provisions which are not clearly stated.'" Glastonbury Co. v. Gillies,209 Conn. 175, 179, 550 A.2d 8 (1988). "[T]he General Assembly is always presumed to know all the existing statutes and the effect that its action or non-action will have upon any of them. And it is always presumed to have intended that effect which its action or non-action produces." Plourde v. Liburdi, 207 Conn. 412, 417, 540 A.2d 1054 (1988) (Citations omitted).
According to the legislative history of 49-41a(b), that statute's purpose is to prevent contractors from using the subcontractor's money to commence other jobs and to penalize them for doing so. See 13 S. Proc., Pt. 5, 1969 Sess., p. 2168. Further, it should be noted that in amending Gen. Stats. 49-42, in P.A. 87-345, the legislature CT Page 10693 added the following language:
 In any such proceeding, the court judgment shall award the prevailing party the costs for bringing such proceeding and allow interest at the rate of interest specified in the labor or materials contract under which the claim arises or, if no such interest rate is specified, at the rate of interest as provided in section 37-3a upon the amount recovered.
The legislature's action in amending 49-42 to provide for a subcontractor to recover interest from a surety, suggests a recognition that 49-41a (b) did not provide for interest against a surety, and we so find. Nevertheless, [i]nterest `may be recovered and allowed in civil actions . . . as damages for the detention of money after it becomes due and payable.' General Statutes 37-3a." Nor'easter Group, Inc. v. Colossale Concrete, Inc., 207 Conn. 468, 482,542 A.2d 692 (1988). "The allowance of interest as an element of damages is primarily an equitable determination and a matter within the discretion of the trial court." Id. (Citations omitted).
Since an equitable determination necessarily requires a factual inquiry, there remains a genuine issue of fact as to the award of interest.
Motion for Summary Judgment against INA granted as to liability for principal amount claimed. Motion for Summary Judgment against INA denied as to interest claimed.
WAGNER, J.