[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 9098
In her complaint, dated June 15, 1989, the plaintiff Linda Aurdal, alleges that on July 17, 1987, while running to catch a train, she slipped on a sawed-off metal pole on the platform on the eastbound side of the Stamford railroad station, and thereby sustained personal injuries. Plaintiff alleges that the railroad passenger service and station were controlled by defendant Metro North Commuter Railroad (Metro North). Plaintiff claims that defendant was negligent by causing westbound trains to arrive unexpectedly on the eastbound side of the station without warning passengers, by failing to provide longer train stops, and by failing to inspect whether the station premises were safe for boarding procedures.
On March 8, 1990, defendant filed an answer and special defense, which was amended on May 13, 1993 to add a second special defense. The first special defense asserts that plaintiff was contributorily negligent and the second contends that plaintiff's action is barred by Section 1276 of the New York Public Authorities flaw, which contains a one year statute of limitations for personal injury actions against Metropolitan Transit Authority (MTA) and its subsidiaries, including Metro North.
There are presently two motions before the court which involve the same issue. The defendant filed a motion for summary judgment (#117) on the basis that plaintiff's action is barred by the statute of limitations raised in the second special defense. The plaintiff thereafter filed a motion to strike (#122) the defendant's second special defense for the reason that the New York statute of limitations does not apply to a common law negligence action in Connecticut. Thus, the issue before the court is whether the one year statute of limitations set out in Section 1276 of the New York Public Authorities Law or the two year statute of limitations for negligence actions in Connecticut General Statutes52-576, applies to this case.
The defendant asserts several arguments in support of its motion for summary judgment and in opposition to plaintiff's motion to strike the second special defense. The defendant claims that MTA, as a public benefit corporation of the state of New York, enjoys sovereign immunity, and that New York Public Authorities Law, Section 1276(2), which permits actions against MTA and its subsidiaries if brought within one year, provides a limited waiver CT Page 9099 of such immunity. The defendant also contends that Connecticut should apply New York law in actions involving Metro North, as it is a wholly owned subsidiary of MTA. In support of this claim, the defendant first argues that Connecticut has by implication extended sovereign immunity to Metro North, as a subsidiary of MTA, by virtue of a compact between the two states, codified in General Statutes 16-343, which authorizes MTA, as "a government corporation of the state of New York," to operate in cooperation with the Connecticut Public Transportation Authority, passenger rail service between New Haven and New York. Secondly, defendant argues that as a matter of comity, Connecticut should extend limited sovereign immunity to Metro North. Thirdly, the defendant argues that Connecticut must give full faith and credit to New York's limited waiver of sovereign immunity for Metro North.
The defendant also contends that Connecticut's choice of law rules requires the application of New York's limited waiver of sovereign immunity for Metro North. Finally, the defendant claims that Dolnack v. Metro North Commuter Railroad Co.,8 Conn. L. Rptr. 203
(February 8, 1993, Fuller, J.), wherein this court granted a motion for summary judgment in favor of Metro North in a case similar to the one at bar, should be followed.
In support of its motion to strike defendant's second special defense and in opposition to defendant's motion for summary judgment, plaintiff argues that her cause of action is based upon Connecticut common law, which has long recognized negligence actions against common carriers. Thus, the plaintiff claims that her cause of action was not created by statute, so sovereign immunity is not an issue. The plaintiff further argues that the full faith and credit clause does not compel Connecticut to accept the New York one year statute of limitations. Finally, the plaintiff argues that rules regarding choice of laws dictate selection of Connecticut's two year statutes of limitations.
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Wadia Enterprises v. Hirschfeld, 224 Conn. 240, 247, 618 A.2d 506 (1992). A material fact is one that will make a difference in the result of a case. Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573,578, 573 A.2d 699 (1990). "`The test is whether a party would be entitled to a directed verdict on the same facts.'" Id., quoting State v. Groggin, 208 Conn. 606, 616, 546 A.2d 250 (1988). CT Page 9100
"[T]he party seeking summary judgment has the burden of showing the nonexistence of any material fact." (Citations and internal quotation marks omitted.) Connecticut Bank Trust Co. v. Carriage Lane Associates, 219 Conn. 772, 780-81, 595 A.2d 334
(1991). However, if the evidence presented is sufficient, it is "not rebutted by the bald statement that an issue of fact does exist." (Citations omitted; internal quotation marks omitted.) Hammer v. Lumberman's Mutual Casualty Co., supra, 579. In deciding such a motion, the court must view the evidence in the light most favorable to the nonmoving party. Connecticut Bank Trust Co. v. Carriage Lane Associates, supra.
"Generally speaking, summary judgment procedure is an attempt to dispose of cases involving sham or frivolous issues in a manner which is speedier and less expensive for all concerned than a full-dress trial." United Oil v. Urban Redevelopment Commission,158 Conn. 364, 375, 260 A.2d 596 (1969). "It is, however, apt to be ill adapted to cases of a complex nature or to those involving important public issues, which often need the full exploration of trial." Id.
Clearly, the instant case involves complex issues which have not been addressed by an appellate court in Connecticut. Whether Connecticut will follow New York's grant of sovereign immunity to Metro North and its one year statute of limitations, as a matter of choice of law, full faith and credit, or comity are legal issues not appropriately addressed on a summary judgment motion. "[T]he procedure was not intended as a substitute for the trial of issues at an evidentiary hearing . . ." Pine Point Corporation v. Westport Bank Trust, 164 Conn. 54, 56, 316 A.2d 765 (1972). My colleague Judge Fuller's decision in Dolnack is on appeal before the Connecticut Supreme Court and these issues will be conclusively decided. In the interim, however, the motions for summary judgment and to strike appeared on our short calendar and I believe the parties are entitled to a decision, even though Dolnack will be reviewed by the Supreme Court, presumably this term. Thus, it is our belief that defendant has not met its burden of proving that it is entitled to judgment as a matter of law, and its motion for summary judgment is denied, reserving the determination of these issues for trial.
"The purpose of a motion to strike is to challenge the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted." Gordon v. Bridgeport Housing CT Page 9101 Authority, 208 Conn. 161, 170, 544 A.2d 1185 (1988); Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985). In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. King v. Board of Education, 195 Conn. 90, 93,463 A.2d 1111 (1985). The court must construe the facts most favorably to the pleader. Blancato v. Feldspar, 203 Conn. 34, 36, 552 A.2d 1235
(1987). "The allegations are entitled to the same favorable construction as a trier would be required to give in admitting evidence under them . . . and if facts provable under the allegations would support a defense or a cause of action, the motion to strike must fail. (Citations omitted.)" Alarm Applications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541,545, 427 A.2d 822 (1980). "A motion to strike is the proper method of challenging the legal sufficiency of a special defense." Krasnow v. Christensen, 40 Conn. Sup. 287, 288, 492 A.2d 850
(1985).
The only test on a motion to strike is whether defendant's special defense, if proven, is a valid special defense to plaintiff's action. The timeliness of a plaintiff's claim may be raised as a special defense. Branigan v. Kulak,7 Conn. L. Rptr. 371
(September 18, 1992, Goldberg, J.). Accordingly, plaintiff's motion to strike defendant's second special defense is denied as it is a valid special defense.
So Ordered.
Dated at Stamford, Connecticut this day of October, 1993.
WILLIAM BURKE LEWIS, JUDGE