[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
On September 15, 1994, the plaintiff, People's Bank, instituted suit, seeking a foreclosure of a mortgage on property located in Shelton, Connecticut, which secured a promissory note executed by the defendants, Richard Cipollino ("Cipollino") and Dale Wymes ("Wymes"). Defendant Wymes filed an answer to the complaint on November 1, 1993. On October 18, 1993, defendant Cipollino CT Page 2038 filed a disclosure of no defense to the foreclosure action and a reservation of rights to argue order of priorities. Pursuant to a judgment of dissolution of marriage between defendants Cipollino and Wymes dated July 1, 1991, defendant Cipollino acquired all of the rights, title and interest in the mortgaged property by quit claim deed and is currently in possession of the property.
The plaintiff filed a motion for summary judgment on January 7, 1994, against defendant Wymes as to her liability under the note on the ground that no genuine issue as to any material fact exists and that the plaintiff is entitled to judgment as a matter of law. In support of its motion, the plaintiff filed a copy of the promissory note and mortgage underlying the foreclosure action. Defendant Wymes did not file any memorandum or documentation in opposition to the Plaintiff's motion for summary judgment.
Practice Book 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Citations omitted.) Lees v. Middlesex Ins. Co.,219 Conn. 644, 650, 594 A.2d 952 (1991). Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact, a party opposing summary judgment must substantiate its adverse claim by showing that there is no genuine issue of material fact together with the evidence disclosing the existence of such an issue." Connecticut Bank Trust Co. v. Carriage Lane Associates, 219 Conn. 772, 781, 595 A.2d 334 (1991). "An interlocutory summary judgment may be granted on the issue of liability even though there is a factual issue as to damages." Alteri v. Nanavati, 41 Conn. Sup. 317, 319, 573 A.2d 359 (1990).
In its motion for summary judgment, the plaintiff sets forth the relevant language in the Judgment of Marriage Dissolution as follows:
 [Defendant Wymes] shall quitclaim all right, title and interest in [the mortgaged property] to [defendant Cipollino]; [defendant Cipollino] shall indemnify and hold [defendant Wymes] harmless, as of July 1, 1991, against any claim under the first mortgage . . . to People's Bank . . .
The plaintiff argues that this language does not release defendant CT Page 2039 Wymes from liability under the note, but rather gives her a right of reimbursement against defendant Cipollino for any loss she sustains as a result of her liability to the plaintiff under the note. The plaintiff argues further that defendant Wymes has produced no evidence raising any defense or genuine issue of material fact regarding her liability, and thus the plaintiff is entitled to judgment as a matter of law as to liability.
In her answer, defendant Wymes maintains that she is released from liability under the mortgage to the plaintiff pursuant to the Judgment of Marriage Dissolution entered on July 1, 1991, wherein defendant Cipollino acquired a quit claim deed to the mortgaged property and in return promised to indemnify defendant Wymes and hold her harmless against any claim under the mortgage.
"At common law, the available defenses to a complaint seeking the foreclosure of a mortgage are limited to such things as payment, discharge, release, satisfaction or the invalidity of the lien." Connecticut Savings Bank v. Reilly, 12 Conn. Sup. 327, (Super.Ct. 1944). The language contained in the judgment dissolving the marriage can not reasonably support defendant Wymes, argument that she is released from liability to the plaintiff. Rather, the judgment of marriage dissolution grants to defendant Wymes a claim of indemnification against defendant Cipollino in the event that she sustains a loss as a result of her liability to the plaintiff under the note. "[I]ndemnity involves a claim for reimbursement in full from one on whom a primary liability is claimed to rest[.]" Kyrtatas v. Stop Shop, Inc., 205 Conn. 694,701, 535 A.2d 357 (1988). "This right arises under an obligation implied by law where . . . secondary and primary liability are involved. Fidelity Casualty Co. v. Jacob Ruppert, Inc.,135 Conn. 307, 313, 63 A.2d 849 (1949). Thus, the indemnity provision contained in the judgment of marriage dissolution does not release defendant Wymes from her liability to the plaintiff.
Defendant Wymes has failed to produce any evidence which shows that a question of fact exists as to her liability under the promissory note. Defendant Wymes is liable to the plaintiff under the terms of the promissory note and remains liable for any deficiency in connection with the plaintiff's foreclosure of the mortgaged property.
Based on the foregoing, the plaintiff's motion for summary judgment is hereby granted. CT Page 2040
By The Court ______________ Curran, J.