[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[MEMORANDUM OF DECISIONON DEFENDANTS KAM HUNG CHI'S AND LYE YUANCORPORATION'S MOTION FOR SUMMARY JUDGMENT]
[FACTUAL BACKGROUND]
On April 20, 1993, the plaintiff filed this two count complaint against the defendants Steven Pietrini, Kam Hung Chi and the Lye Yuan Corporation ("corporation"). In count one, the plaintiff alleges that she was injured while a passenger in a vehicle owned and operated by defendant Pietrini, when Pietrini negligently turned into the path of an oncoming vehicle operated by the defendant Kam Hung Chi and owned by the corporation. In count two, she alleges that the defendants Kam Hung Chi and the corporation were negligent in the operation of the vehicle and that CT Page 4541 the vehicle was overweight in violation of General Statutes § 14-267a.
Prior to the present motion for summary judgment, the plaintiff had moved for summary judgment as to liability against Pietrini only, and attached to the motion an accident report prepared for the defendant corporation by a private engineering consultant. The accident report established the facts surrounding the accident and concluded that Pietrini was solely to blame for the accident. The case against Pietrini was settled and withdrawn before the motion was heard.
The defendants Kam Hung Chi and the corporation now move for summary judgment on the ground that the plaintiff's use of the accident report as a basis for the motion for summary judgment against Pietrini was a judicial admission indicating that the accident was caused solely by Pietrini's negligence, and therefore, there is no genuine issue of material fact and the defendants are entitled to judgment as a matter of law. The plaintiff submitted a memorandum in opposition to summary judgment and attached as exhibits a copy the prior motion for summary judgment and the police and accident reports, which were exhibits for the prior motion.
DISCUSSION
Practice Book § 384 provides that
 summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.
(Citations omitted; internal quotation marks omitted.) [Connell v.Colwell], 214 Conn. 242, 246-47, 571 A.2d 116 (1990). Generally, "`[i]ssues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner.' [Spencer v. Good Earth Restaurant Corp.], 164 Conn. 194,199, 319 A.2d 403 (1972)." [Fogarty v. Rashaw], 193 Conn. 442, 446,476 A.2d 582 (1984).
The defendants argue that the plaintiff's use of the accident report in the prior motion for summary judgment against Pietrini constitutes a judicial admission precluding the plaintiff from CT Page 4542 asserting the defendant's comparative negligence because the accident report surmises that Pietrini was solely negligent. "Judicial admissions are voluntary and knowing concessions of [fact] by a party or the party's attorney occurring during judicial proceedings." (Emphasis added.) Tait LaPlante, Handbook on Connecticut Evidence, § 6.5, p. 131 (2d ed., 1988), citing [Kanopkav. Kanopka], 113 Conn. 30, 38-39, 154 A. 144 (1931); see also [Dreierv. Upjohn Co.], 196 Conn. 242, 248-49, 492 A.2d 164 (1985) (judicial admissions are factual allegations contained in pleadings).
The plaintiff's prior motion for summary judgment was directed against only Pietrini and the plaintiff did not argue that Pietrini was exclusively liable. The plaintiff submitted the accident report in order to establish the facts constituting Pietrini's negligence for the purposes of determining Pietrini's liability only. The issue of negligence presents a mixed question of fact and law. [Pine Point Corp. v. Westport Bank Trust], 164 Conn. 54,56, 316 A.2d 765 (1972). In the present case, the use of the accident report does not constitute an admission of any legal conclusion included in the report, such as a conclusion regarding Pietrini's negligence.
The plaintiff's use of an accident report in a motion for summary judgment that was never heard is, therefore, not a judicial admission, but at most an evidential admission which would present a question of fact for the jury. [Dreier v. Upjohn Co.], supra, 247-49; see also Tait LaPlante, supra, § 6.7.1, p. 134 (amended or withdrawn pleadings are no longer judicial admissions, but evidential admissions). A genuine issue of fact exists regarding the remaining defendants' conduct and standard of care in the operation of the vehicle. Therefore, the defendants' motion for summary judgment must be denied.
[CONCLUSION]
Based on the foregoing, the defendants' motion for summary judgment (#113) is denied.
So ordered.
Michael Hartmere, Judge CT Page 4543