[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONRE: MOTION FOR SUMMARY JUDGMENT (#224)
CT Page 7430
The plaintiff files this motion for summary judgment with regard to the first count of its amended complaint, dated February 3, 1994. This is a foreclosure action in which the plaintiff seeks to foreclose a mortgage on property formerly owned by the Southbury Hotel Associates (Borrower), securing a note of $12,000,000.00. The property in question is the site of the Radisson Hotel. The plaintiff is the assignee of the original lender, Bank of Boston Connecticut (BOBC). In addition to the defendant borrower, this action is brought against a number of other defendants, transferees, lessees, assignees and guarantors, Malcolm Graff, Sidney Sisk, Colonial Land Investors IV Limited Partnership, Colonial Southbury Limited Partnership, Colonial Leasing Equipment I Limited Partnership, and also subsequent encumbrancers.
The plaintiff alleges in the first count of its complaint that the note in default, in addition to being secured by the real estate, is also secured by a security agreement in all of the personal property and fixtures located at the hotel. Colonial Land Investors has filed an answer and a fourteen paragraph Special Defense to a predecessor complaint (denying in its answer that the plaintiff has secured interest in all of the personal property located at the hotel, and denying that the plaintiff perfected its security interest in the personal property). That defendant, in its special defense, alleges that the defendants, Googel, Sisti and Shuch, were engaged in a scheme to defraud that defendant and that the BOBC, predecessor in title to the plaintiff, knew and was aware of that scheme. The special defense also alleges that this plaintiff is not a holder in due course. The borrower, Colonial Southbury Limited Partnership (CSLP), Colonial Equipment (Equipment), and Sisk, filed the same fourteen paragraph special defense alleged by Colonial Land Investors to the amended and second amended complaints (CSLP, 1/29/93 — #119) (Sisk, 1/21/03 — #183) (Equipment, 2/2/93 — #124, 6/21/93 — #184). On February 2, 1993, the defendant, Sisk, filed the fourteen paragraph special defense in response to the amended complaint, and did not replead in response to the second amended complaint (#126). No defendant has re-filed its answer and special defense in response to the third amended complaint. Practice Book § 177 CT Page 7431 provides that if an adverse party fails to plead further, the pleadings already filed shall be regarded as applicable.
The plaintiff's motion for summary judgment of the first count of the complaint seeks to foreclose both the real estate that secures the $12,000,000.00 note and the security interest in the personal property and fixtures.
Summary judgment may be granted on one count of the complaint. Altieri v. Nanavati, 41 Conn. Sup. 317, 319,573 A.2d 359 (1990, Fuller, J.). Summary judgment may also be granted as to one or more of the defendants if the claims against the defendants are severable. Schofield v. BicCorporation, 3 Conn. L. Rptr. 229 (January 31, 1991, Fuller, J.), citing Maislin v. Lawton, 30 Conn. Sup. 593, 595,314 A.2d 783 (App. Div. C.P. 1973). The court may enter partial summary judgment as to the liability of a defendant, reserving the issue of damages for the factfinder. Practice Book § 385; Rubin v.Rios, 186 Conn. 754, 443 A.2d 1273 (1982). However, summary judgment may not be granted only as to some issues of liability within the count. See Telesco v. Telesco, 187 Conn. 715, 718,447 A.2d 752 (1982); Altieri v. Nanavati, supra, 41 Conn. Sup. 319. "Connecticut does not have a procedure for rendering judgment for a defendant on part of a count of a complaint."Schofield v. Bic Corporation, supra, 3 Conn. L. Rptr. 230.
The defendants have raised substantial issues of fact regarding the ownership of the personal property and fixtures, which are allegations contained in the first count of the complaint. Therefore, the court cannot enter summary judgment in connection with that count. In addition, the defendants mentioned above, Malcolm Graff, Sidney Sisk, Colonial Land Investors IV Limited Partnership, Colonial Southbury Limited Partnership, and Colonial Leasing Equipment I Limited Partnership, in their special defenses, have alleged that at the time of the loan, the defendants, Googel, Sisti and Schuch, were engaged in a scheme to defraud the other defendants and that the Bank, (BOBC), was aware of the scheme to defraud. Those defendants have alleged that the present plaintiff was not a holder in due course, nor does the plaintiff claim to be a holder in due course, for purposes of this motion. These allegations of fraud create substantial issues of fact. "Fraud vitiates all contracts, written or verbal and sealed or unsealed. Feltz v. Walker, 49 Conn. 93, 98 (1881)," PacelliBros. Transportation, Inc. v. Pacelli, 189 Conn. 401, 409. CT Page 7432 Whether there was a scheme, whether the plaintiff's predecessor knew of that scheme, ignored it, and/or was involved in same are all issues of fact, which this court must resolve. Furthermore, summary judgment is "ill adapted to cases of a complex nature or to those involving important public issues which often need the full exploration of a trial." United Oil Co. v. Urban RedevelopmentCommission, 158 Conn. 364, 375, 260 A.2d 596 (1969).
For the reasons stated above, the plaintiff's motion for summary judgment is denied.
/s/ Pellegrino, J. PELLEGRINO