[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiff, Charles A. Bogart, the operator of a motor vehicle, and the plaintiff, Teddi McKenna, a passenger in the vehicle operated by the plaintiff Bogart, have instituted the present action seeking to recover damages for personal injuries sustained as the result of the negligent operation of motor vehicles by the various defendants. The revised complaint alleges that the Bogart vehicle was brought to a stop and was waiting for traffic to clear so that he could make a lefthand turn into a private driveway. The complaint further alleges that a vehicle operated by the defendant Castlevetro rear ended a vehicle operated by the defendant Marino Bachiocchi, sending the Bachiocchi vehicle into the rear of the Bogart vehicle. The plaintiffs claim that the defendant Bachiocchi was negligent in that he was following too closely; failed to keep a proper lookout; operating at an CT Page 10165 unreasonable speed; failure to keep proper control; failure to apply brakes in an appropriate manner so as to avoid a collision.
The defendant Bachiocchi has filed a motion for summary judgment together with an affidavit stating that he was travelling behind the Bogart vehicle which came to a complete stop and was poised to make a lefthand turn to enter a driveway. The affidavit further states that Mr. Bachiocchi stopped his vehicle approximately one car length behind the Bogart vehicle and was so situated for approximately one minute when he was struck from behind by the vehicle operated by the defendant Castlevetro and that the impact from the collision with the Castlevetro vehicle pushed his car into the rear of the Bogart vehicle. The defendant Bachiocchi further claims that, during the period of time that he was waiting behind the Bogart vehicle, his foot was on the brake pedal and both hands were on the steering wheel.
The plaintiffs have filed an objection to the motion for summary judgment and have filed an affidavit by Mr. Bogart stating that, while he was stopped waiting for traffic to clear, he heard the sound of tires screeching from behind his vehicle and felt two separate impacts to the rear of his vehicle. He further states that the vehicle which struck his vehicle was operated by the defendant Bachiocchi and that he learned that the Bachiocchi vehicle was hit from behind by a vehicle operated by the defendant Castlevetro.
The thrust of the plaintiffs' complaint, as well as the affidavit filed by the plaintiff Bogart, asserts that the Castlevetro vehicle struck the Bachiocchi vehicle which in turn struck the Bogart vehicle. The fact that there was a rear end collision does not establish that the Bachiocchi vehicle was following the Bogart vehicle too closely in violation of General Statutes § 14-240 nor does it establish that Bachiocchi was negligent in the operation of his vehicle. Wrinn v. State ofConnecticut, 234 Conn. 401 (1995). It is true that the evidence must be viewed most favorably to the plaintiffs and that negligence cases are not generally susceptible to summary judgment. Such a rule is based upon the fact that whether or not the defendant's conduct constitutes reasonable care is a question of fact. In the present case, there is no conduct of the defendant Bachiocchi to judge except the version provided by Mr. Bachiocchi himself. In Mr. Bachiocchi's version of the incident there could be no finding of negligence on his part. The plaintiffs simply claim that the Castlevetro vehicle struck the Bachiocchi vehicle and that he felt CT Page 10166 two impacts. The fact that the plaintiff Bogart felt two impacts is not sufficient to raise a question of fact as to the conduct of the defendant Bachiocchi.
Accordingly, the motion for summary judgment filed by the defendant Bachiocchi as to the second and fourth counts is hereby granted.