[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION 
This case arises out of a motor vehicle collision on August 5, 1994, between Louis Huyber and Rodger Manwaring. In his complaint, Huyber alleges that Manwaring was driving a vehicle owned by codefendant, Jason Sivo Construction Company, in connection with his employment with the company. It is undisputed that Manwaring struck Huyber from behind, resulting in personal injuries to Huyber, who has moved for summary judgment, arguing that there is no genuine issue as to any material fact and that he is entitled to judgment as a matter of law.
Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 384; Barrett v. Danbury Hospital 232 Conn. 242,250. "Summary judgment is usually inappropriate in a negligence action where the ultimate issue in contention involves mixed questions of fact and law and requires the trier of fact to determine whether the standard of care was met in a specific situation." Altieri v. Nanavati, 41 Conn. Sup. 317, 318; Fogartyv. Rashaw 193 Conn. 442, 446, ("[i]ssues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner"). CT Page 3121
Summary judgment is inappropriate in the instant case because there exist genuine issues of material fact as to causation. The parties have each submitted affidavits which provide conflicting versions of the accident. These affidavits raise genuine issues of material fact, and the court is therefore unable to hold that either party is entitled to judgment as a matter of law.
The cases cited by the plaintiff are inapplicable. In the first case, Caseria v. Klass 7 CSCR 1266 (October 20, 1992, McGrath, J.), the plaintiff stated in an affidavit that the rear-end collision was the result of the defendant's negligence, and the defendant did not contest this allegation. This is not the case here, where the defendant has not only submitted a counter-affidavit, but has raised as a special defense the plaintiff's comparative negligence. In Bogart v. Castlevetro,15 Conn. L. Rptr. 268 (September 25, 1995, Rush, J.), there was uncontroverted evidence that the operator of the middle car in a three-car collision had come to a complete stop before being struck from behind and propelled into the first car. Again, the difference between the cited cases and this case is the existence of uncontested or uncontroverted evidence.
The motion for summary judgment is, accordingly, denied.
Moraghan, J.