[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff alleges that its predecessors contracted with the defendant, Savin Corporation ("SAVIN"), to facilitate the transfer to Savin employees among its numerous locations by purchasing the homes of such employees. The plaintiff further alleges that Savin agreed to reimburse the plaintiff's predecessors for (1) all costs of acquiring the employee's property, (2) all costs of carrying the property, (3) all expenses of resale, (4) any difference between the resale price and the purchase price, and (5) all litigation fees and settlement costs incurred on a result of the breach by a Savin employee of the contract of sale.
Pursuant to the contract, the plaintiffs predecessor purchased the home of a named employee, who is a co-defendant, under a contract of sale in which the named employee agreed to pay any loss for which the employee was responsible under the contract of sale.
The plaintiff further alleges that the named employee failed to disclose that the in-ground pool and patio encroached upon an area of land owned by a utility company.
The plaintiff claims that Savin has breached its agreement in that it has unreasonable withheld its approval to reduce the asking price of the property and that Savin is chargeable with an anticipatory repudiation of the contract (1) by stating that it refuses to pay the difference between the resale price and the purchase; (2) by stating that it refuses to pay all costs of carrying the property; (3) by stating that it refuses to pay all litigation and administration fees and settlement costs for losses incurred as a result of the breach of the contract by the named employee.
Savin has filed a motion to strike the first and second counts on the grounds: (1) the first count fails to allege the necessary elements to establish a claim of anticipatory repudiation; (2) the second count fails to allege the necessary elements to establish a violation of the Unfair Trade Practice Act ("CUPTA") in that the claims are promised only upon the individual transaction set forth in the complaint and that the facts pleaded are insufficient to establish such a claim.
A motion to strike challenges the legal sufficiency of the CT Page 9484 allegations which are given the same favorable construction that a trier would be required to give in admitting evidence under them. Accordingly, if the facts provable under the allegations are sufficient to support a cause of action, the motion to strike must fail. Mingachos v. C.B.A. Inc., 196 Conn. 91, 108-109 (1985).
An anticipatory breach of contract occurs when the breaching party repudiates his duty before the time of performance has arrived and has the effect of allowing the non-breaching party to initiate an action without having to await the time for performance. Mckenna v. Woods, 21 Conn. App. 528, 532 (1990). Such a repudiation can occur either by a statement that the breaching party will not perform or by a voluntary affirmative act that indicated inability, or apparent inability, to substantially perform the contract. Gilman v. Pederson, 182 Conn. 582, 584, (1981). The allegations of the complaint and facts provable under those allegations, are sufficient to withstand a motion to strike under the applicable standard.
The defendant asserts that the second count of the complaint contains insufficient allegations to establish a cause of action under CUPTA on the grounds that no pattern or practice is alleged and the allegations set forth only single act or an isolated series of occurrences. The plaintiff relies upon Mead v. Burns,199 Conn. 651 (1986), and Koljm v. Kuhn, 41 Conn. Sup. 130 (1987).
In Mead, the court held that unfair settlement practices under the Connecticut Unfair Insurance Practices Act ("CUPTA") require a showing of more than a single act of insurance misconduct because the statute (38-61) prohibited certain unfair claim settlement practices when committed or performed "with such frequency as to indicate a general business practice." The court then held that a litigant under CUPTA was bound by "the legislative determination that isolated instances of unfair settlement practices are not so violative of public policy this state as to warrant statutory intervention." Supra at 666. The court does not interpret Mead as holding that a CUPTA claim requires an allegation of a pattern of practice, and therefore, the court does not regard Mead as controlling the determination of the present motion.
General Statutes 42-110g(a) provides for a cause of action on behalf of "any person who suffers any ascertainable loss. . . as a result of the use or employment of a method, act or practice prohibited by Section 42-110 b," (emphasis supplied), the provisions of General Statutes 42-110b(d) specifically states that "[I]t is the intention of the legislature that this chapter be remedial and be so construed." In order to effectuate the language and the intent of the statute, the court holds that a single act or an isolated series of occurrences can provide a basis for a CUPTA claim without the necessity of alleging a pattern or practice. CT Page 9485 Ranson v. Amerilink, 3 CTLR 491 (1991); Allision v. Widder, 1 CTLR 461 (1990); Judge v. Housemaster of America, 2 CSCR 421 (1987) Thompson v. Colasanto, 2 CSCR 229 (1986).
"In determining whether the practice in question violates CUPTA, courts employ the following criteria: (1) whether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness, (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers." Sanghavi v. Paul Revere Life Ins. Co., 214 Conn. 303, 311-312 (1990). All three criteria need not be satisfied to support a finding of unfairness and a practice may be unfair because of the degree to which it meets one of the criteria or to a lesser extent it meets all three. Atlantic Richfield Co. v. Canaan Oil Co., 202 Conn. 234, 242, (1987).
The allegations of the complaint directed to Savin, reviewed in the light must favorable to the plaintiff, are sufficient to establish a CUTPA claim under the appropriate standards.
For the reasons set forth herein, the motion to strike is denied.
Rush, J.