[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendants' move to strike count two of the plaintiff's revised complaint and the claim for punitive damages on grounds that these portions of the complaint fail to state a claim upon which relief can be granted.
On October 18, 1994, the plaintiff, Angel Hernandez, filed a two count revised complaint against the defendants, Robert King and Ralph Mineola,[1] alleging negligence and CUTPA violations. The plaintiff-tenant alleges that he was injured when he fell on a broken step in the stairway of the defendants' multi-unit apartment building.
On December 19, 1994, the defendants filed a motion to strike along with accompanying memorandum of law. The defendants' motion seeks to strike count two of the revised complaint and the claim for punitive damages pursuant to General Statutes § 42-110g(a) on grounds that a broken step does not constitute a deceptive act or practice under CUTPA. The defendants also argue that even if a broken step in an apartment building is deemed to be a deceptive act or practice, such conduct would only amount to a single act and would be insufficient to sustain a cause of action under CUTPA. CT Page 553
The motion was presented to the court on October 2, 1995. On December 28, 1994, the plaintiff filed a memorandum of law in opposition to defendants' motion to
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." (citations and internal quotation marks omitted.) Novametrix Medical Systems v. BOC Group, Inc.,224 Conn. 210, 214, 618 A.2d 25 (1992).
"A motion to strike admits all facts well pleaded."Rowe v. Godou, 12 Conn. App. 538, 544-45, 532 A.2d 978
(1987). "Although a motion to strike admits facts well pleaded, it does not admit legal conclusions." Verdon v.Transamerica Ins. Co., 187 Conn. 363, 365, 446 A.2d 3
(1982). "The allegations of the pleading involved are entitled to the same favorable construction a trier would be required to give in admitting evidence under them and if the facts provable under its allegations would support a defense or a cause of action, the motion to strike must fail." Mingachos v. CBS, Inc., 196 Conn. 91, 108-09,491 A.2d 368 (1985).
A. COUNT TWO-CUTPA VIOLATION
1. Deceptive Act or Practice
The defendants have moved this court to strike count two of the revised complaint on two separate grounds. First, the defendants argue that a broken step in an apartment building does not constitute a deceptive act or practice under CUTPA. Second, the defendants argue that count two fails to allege sufficient facts to state a cause of action since a single act by the defendants cannot be the basis for a CUTPA claim.
General Statutes § 42-110b(a) provides that "[n]o person shall engage in unfair methods of competition and CT Page 554 unfair or deceptive acts or practices in the conduct of any trade or commerce." Id. To assert a claim under this statute, the unfair or deceptive acts alleged must take place in the conduct of a trade or commerce. General statutes § 42-110a (4) defines "trade or commerce" as "the advertising, the sale or rent or lease, the offering for sale or rent or lease, or the distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value in this state." Id. Read in the light most favorable to the plaintiff, the revised complaint alleges conduct, the leasing of an apartment, which clearly falls within the statutory definition of "trade or commerce".
Another necessary element in a CUTPA claim is evidence of "unfair or deceptive acts or practices." General statutes § 42-110b (a). The defendants contend that the plaintiff's CUTPA count should be stricken because a broken step in an apartment building does not amount to a deceptive act or practice. The court finds that a broken step, alleged to be in violation of Hartford Municipal Codes and Landlord Tenant Statutes, is legally sufficient to sustain a cause of action under CUTPA.
The plaintiff correctly observes that the Connecticut Supreme Court has found CUTPA applicable to landlord-tenant transactions. However, "the only defects the Court has found actionable under CUTPA . . . are those found to offend public policy as embodied in the regulatory statutes. The actions of the landlords in Conway v.Prestia, 191 Conn. 484, 493 (1983) that were actually found to be unfair trade practices were 1) the receipt of rent for housing units that failed to comply with minimum standards of housing safety and habitability embodied in statutes; and 2) the landlord's failure to obtain certificates of occupancy prior to human habitation of the units as required by statute. The Court found that these actions offended the public policy embodied in General Statutes §§ 47a-5 and 47a-57, though the Court found that these statutes did not themselves create a specific prohibition against receiving rents voluntarily paid.Conway v. Prestia, 191 Conn. 493." Pollio v. Santillo, Superior Court, judicial district of New Haven, Docket No. 359030 (April 10, 1995) (Hodgson, J.). CT Page 555
The Supreme Court in Kelley Property Development Inc.v. Lebanon, 226 Conn. 314, 333, 627 A.2d 901 (1993), restated the holding in Conway v. Prestia, supra, 191 Conn. 484, which allowed a private action to exist under CUTPA "for alleged violation of certain landlord-tenant statutes." Kelley Property Development Inc. v. Lebanon, supra, 226 Conn. 333. "Notably, the Supreme Court did not characterize Conway as holding that a cause of action under CUTPA generally exists for all landlord practices or actions alleged to be unfair, but summarized its holding inConway as having been limited to claims based on practices that offend public policy as set forth in the regulatory statutes." Pollio v. Santillo, supra.
The standard for determining whether a particular act or practice violates CUTPA is well settled. The Court has adopted the criteria set out in the "cigarette rule" by the Federal Trade Commission for determining when an act or practice is unfair: "(1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by the statutes the common law, or otherwise-whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers . . ." Jacobs v. HealeyFord-Subaru, Inc., 231 Conn. 707, 725, (1995).
"All three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three . . . . Thus a violation of CUTPA may be established by showing either an actual deceptive practice or a practice amounting to a violation of public policy." (citations omitted.)Jacobs v. Healey Ford-Subaru, Inc., supra, 231 Conn. 725. The only exception to this rule applies to claims based on negligence which must satisfy all three criteria adopted in the "cigarette rule". See A-G Foods, Inc. v. PepperidgeFarm, Inc., 216 Conn. 200, 579 A.2d 69 (1990); S.M.S.Textile Mills, Inc. v. Brown, Jacobson, Tillinghast, Lahan King, P.C., 32 Conn. App. 786, 631 A.2d 340 (1993). Furthermore, a plaintiff need not allege or prove intent to CT Page 556 deceive. The Supreme Court concluded that "knowledge of falsity, either constructive or actual need not be proven to establish a violation of CUTPA." Web Press ServicesCorporation v. New London Motors, Inc., 203 Conn. 342, 363,525 A.2d 57 (1987).
On its face, the second count of the revised complaint alleges more than simple negligence. The plaintiff claims that the conduct of the defendants violates the public policy of this state. Count two explicitly incorporates a statutory claim, as well as an allegation of city municipal code violations, as a basis for CUTPA. The Supreme Court has held, in Conway v. Prestia, supra, 191 Conn. 484, that a violation of a regulatory statute satisfied the first and second criteria of the "cigarette rule." See also Levesquev. Williamsburg Associates, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 526235 (February 17, 1995) (Sheldon, J.) (holding that a bicycle left in stairway, allegedly in violation of General Statutes § 47a-7 (3), is sufficient to state a cause of action under CUTPA.) Thus, under the Conway doctrine, the conduct alleged, if proven, constitutes an unfair trade practice in violation of General Statutes § 42-110b.
2. Single Act or Transaction
In support of the motion to strike count two of the revised complaint, the defendants argue that this count is legally insufficient because it only alleges a single act of conduct in violation of CUTPA. "The appellate courts of this state have not addressed whether a single act of misconduct can constitute a violation of CUTPA. A number of superior court decisions, however, have addressed this issue. While there is a split of authority, the majority of superior court decisions, including decisions of this court, have held that a litigant does not need to allege more than a single act of misconduct in order to bring an action under CUTPA." Shaw v. Melville Corporation, Superior Court, judicial district of Litchfield, Docket No. 066752 (May 16, 1995) (Pickett, J.). For cases holding that a single act or occurrence is sufficient to support a CUTPA claim, see, e.g., Palmieri v. Smith, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 533684 9 CSCR 891 (July 18, 1994) (Hennessey, J.);Quality Electric Co. v. Suffolk Construction, CT Page 557 Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 518000 (June 30, 1993) (Hennessey, J.); Levesque v. Kris Enterprises, 4 Conn. L. Rptr. 86 (May 20, 1991) (Susco, J.); Metpath, Inc. v. IDS Corp.,3 Conn. L. Rptr. 349 (March 12, 1991) (Aronson, J.).
"General Statutes § 42-110b (a) provides that `No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce.' General Statutes § 42-110b (a) makes reference to the plural `unfair methods of competition and unfair or deceptive acts or practices', and General statutes § 42-110g (a) makes reference to the singular `method, act or practice.' Due to this contradiction, there is a split of authority at the superior court level as to whether a single act can constitute a CUTPA violation." (Emphasis supplied.) Michael J. Stula Agency v.Wasniewski, Superior Court, judicial district of New London at New London, Docket No. 526137 9 CSCR 159 (January 27, 1994) (Austin, J.). This court finds that the language of these provisions allows a single unfair act to form the basis for a CUTPA claim. Furthermore, the provisions of General Statutes § 42-110b(d) specifically state that "[I]t is the intention of the legislature that this chapter be remedial and be so construed." Id. In order to effectuate the language and the intent of the statute, this court holds that a single act can provide a basis for a CUTPA claim. See, e.g., Cordtz v. Arbor National Mortgage, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 317401 (March 10, 1995) (Freedman, J.); G.E. Capital Mortgage Services, Inc. v. SavinCorporation, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 115403 5 Conn. L. Rptr. 2376 CSCR 1071 (November 12, 1991) (Rush, J.).
It is evident that the facts alleged in count two of the revised complaint are sufficient to support a CUTPA claim. Accordingly, defendants' motion to strike on grounds that the plaintiff's complaint alleges a single act is denied.
B. PUNITIVE DAMAGES
"Whenever any party wishes to contest . . . (2) the legal sufficiency of any prayer for relief in any such CT Page 558 complaint, counterclaim or cross complaint, . . . that party may do so by filing a motion to strike the contested pleading or part thereof." Rowe v. Godou, 209 Conn. 273,280 n. 10, 550 A.2d 1073 (1988), quoting Practice Book § 152. "[T]he proper procedure to delete a prayer for relief is a motion to strike rather than a request to revise.Reynolds v. Rinaldi, Superior Court, judicial district of Waterbury, Docket No. 116638 (December 8, 1993) (Sylvester, J.)
Under CUTPA, a plaintiff may receive punitive damages and "reasonable attorneys' fees." General Statutes §42-110g (a) and (d). "Awarding punitive damages and attorney's fees under CUTPA is discretionary." Gargano v. Heyman,203 Conn. 616, 622, 525 A.2d 1343 (1987). "The plaintiff who establishes CUTPA liability has access to a remedy far more comprehensive than the simple damages recoverable under common law. The ability to recover both attorneys' fees; General Statutes § 42-110g (d); and punitive damages General Statutes § 42-110g (a); enhances the private CUTPA remedy and serves to encourage private CUTPA litigation."Hinchliffe v. American Motors Corp., 184 Conn. 607, 617,440 A.2d 810 (1981).
"The significance of the broad equitable remedies authorized under CUTPA is underscored by the express language of § 42-110g (d), which, in affording the court discretion to order injunctive and other equitable relief in lieu of damages, contemplates plaintiffs' judgments which do not include an award of money damages. These comprehensive remedies, intended to create a climate in which private litigants help to enforce the ban on unfair or deceptive trade practices or acts are significantly broader than those available at common law." (citations and internal quotation marks omitted.) Associated InvestmentCo. v. Williams Assoc., 230 Conn. 148, 160, 645 A.2d 505
(1994). "Compare Mead v. Burns, 199 Conn. 651, 666 n. 8,509 A.2d 11 (1986) (CUTPA permits recovery of punitive damages and attorney' s fees not ordinarily available at common law, with Virgo v. Lyons, 209 Conn. 497, 503,551 A.2d 1243 (1988) (cost of litigation and attorney's fees generally not recoverable at common law, and Markey v.Santangelo, 195 Conn. 76, 77-78, 485 A.2d 1305 (1985) (punitive damages recoverable at common law only upon showing of wanton and wilful malicious misconduct)." Id., 160-61. CT Page 559
The court finds that it is premature to rule as a matter of law that the defendants' conduct cannot support an award of punitive damages if a violation of CUTPA is found.
Accordingly, the defendants' motion to strike the CUTPA claim and the claim for punitive damages is denied.
Hennessey, J.