[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Elizabeth George filed a four-count complaint against Seymour Leopold. She subsequently filed a revised four-count complaint alleging the following facts: she was a co-owner of a cat for some time prior to November 4, 1993; on or about November 2, 1992, the cat suffered an injury to his leg which was stabilized at an emergency veterinary clinic; the cat was brought to the defendant for treatment thereafter, where the defendant performed two operations on the leg and prescribed follow-up care; after the cat was released to the plaintiff and during the follow-up care, it did not improve despite the defendant's assurances; the cat was not yet ambulatory on December 21, 1992, and subsequently, had to undergo 36 hours of intensive renal treatment; and it died on December 28, 1992.
In count one, the plaintiff alleges that the cat's death was caused by the negligence of the defendant in that he failed to: properly set the cat's leg; properly diagnose and treat the cat's infection; properly diagnose and treat the condition of renal failure; and to adequately monitor the cat. She claims that the defendant was negligent in that he failed to exercise a reasonable degree of care as exercised by other veterinarians in the community.
Count two alleges that the defendant knew or should have known that his conduct would have resulted in an unreasonable risk of emotional distress to the plaintiff. Count three alleges that the defendant displayed a reckless disregard for the health and safety of the cat, and further alleges that the defendant displayed a reckless disregard for plaintiff's property rights and emotional well-being. CT Page 8656
Count four alleges that the defendant performed below standard procedures on the cat, and that he has similarly practiced upon animals belonging to other people in the community. It recited that the defendant's actions violate the Connecticut Unfair Trade and Practice Act ("CUTPA") in that defendant's actions have been immoral, oppressive, unscrupulous and in that they caused substantial injury to the plaintiff.
Leopold has filed a motion to strike the original complaint and a subsequent motion, apparently referring to the revised complaint. He argues that the plaintiff failed to state a cause of action in counts two, three and four.
"If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Waters v.Autuori, 236 Conn. 820, 826. In evaluating the motion to strike, "[t]he court will construe the complaint in the manner most favorable to the pleader." Greentree Condominium Assn.Inc. v. RSP Corporation, 36 Conn. Sup. 160, 162. "The motion may also be used to test whether Connecticut `is ready to recognize some newly emerging ground of liability." Castelvetrov. Mills, Superior Court, judicial district of New Haven, Docket No. 320396 (January 31, 1994, Gray, J.,11 Conn. L. Rptr. 29,9 CSCR 232), quoting Durham Aqueduct Co. v. C. E. Burr Co., Superior Court, judicial district of Middlesex, Docket No. 32465, (November 30, 1981, Higgins, J., 8 Conn. L. Trib. 13).
In count two, the plaintiff alleges a claim for emotional bystander distress. The plaintiff contends that the issue of bystander emotional distress in a veterinarian malpractice case has not been clearly decided. The plaintiff claims that the case law relied upon by the defendant is distinguishable. She argues that Maloney v. Conroy, 208 Conn. 392, is inapplicable because it was limited to the facts of a medical doctor's malpractice on another person. She continues by saying that the language referred to by the defendant in Altieri v. Nanavati, 41 Conn. Sup. 317, is dicta and, therefore, hardly controlling.
The defendant counters with the argument that the Connecticut Supreme Court decided there is no claim at law for bystander emotional distress in a medical malpractice claim. He relies onMaloney v. Conroy, supra, for that preposition. He argues that it is even less likely that the court would recognize a cause of action for bystander emotional distress in veterinarian malpractice actions. CT Page 8657
The defendant refers to Altieri v. Nanavati, supra 320, in which a Superior Court stated, "[t]here is no reason to believe that malpractice on the family pet will receive higher protection than malpractice on a child or spouse." According to the defendant, the Court should strike the second count alleging the negligent infliction of emotional distress and bystander emotional distress in a veterinarian malpractice claim for failure to state a cause of action on which relief can be granted.
The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted; and may be used to test whether Connecticut is ready to recognize some newly emerging ground of liability. Condon v. Guardiani, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 052203 (April 16, 1996, Skolnick, J., 16 Conn. L. Rptr. 466). This court is satisfied that bystander emotional distress should not be recognized as a basis for recovery in veterinarian malpractice, and that the plaintiff has in fact failed to state a cause of action in count two.
The cases upon which the defendant relies have been superseded by Clohessy v. Bachelor, 237 Conn. 31, in which our Supreme Court recognized a cause of action for bystander emotional distress. That case held that we therefore conclude, on the basis of sound public policy and principles of reasonable foreseeability, that a plaintiff should be allowed to recover, within certain limitations, for emotional distress as a result of harm done to a third party. The Court went on to impose several restrictions upon the bystander emotional distress cause of action.
Those several limitations were: first, the bystander must be closely related to the injury victim. This includes the relationships between parent and sibling, as well as between husband and wife. Second, the bystander's emotional injury must be caused by the contemporaneous sensory perception of the event or conduct that causes the injury, or by viewing the victim immediately after the injury causing event if no material change has occurred with respect to the victim's location and condition. Third, the injury to the victim must be substantial, resulting in either death or serious physical injury and, fourth, the plaintiff bystander must have sustained a serious emotional CT Page 8658 injury. The injury may be purely emotional and need not manifest itself physically. Nevertheless, the emotional injury must be both severe and debilitating. Examples of emotional distress sufficient to support compensation include neuroses, psychoses, chronic depression, phobia and shock.
Bystander emotional distress resulting from veterinarian malpractice is not a cause of action under Clohessy. Although the language of Maloney v. Conroy is dicta, that court's reasoning is sound, were this court to recognize a claim of emotional distress in veterinarian malpractice actions, the plaintiff has failed to allege sufficient facts to establish it.
The plaintiff has alleged that she is the co-owner of the pet. This relationship cannot be compared to the close relationship of parent-child or wife-husband required underClohessy. Similarly, while it can be argued that the third requirement is met in that the "victim" died, it is unlikely that a cat was contemplated in the court's conception of "victim." It is unclear whether the plaintiff would meet the requirement of having been injured contemporaneously with the plaintiff's injury or shortly thereafter because once again, the pleading of sufficient facts is not to be found. Furthermore, the plaintiff has failed to allege that she has suffered a severe and debilitating injury.
The plaintiff alleges that she was forced to helplessly watch her beloved cat deteriorate and become increasingly disoriented. She claims that she has had to live with the knowledge of having permitted Pete, the cat, to suffer continuously increasing sickness and pain which could easily have been prevented, or at the very least ameliorated, had she obtained proper treatment for him. She continues and recites that she must now live with the knowledge that the defendant may cause similar torment to other animals and similar grief and expense to their owners. This is factual predicate for any emotional injury that could be characterized reasonably as debilitating or severe. These allegations are not sufficient to allege a severe injury underClohessy, even if Clohessy encompassed veterinarian malpractice actions.
Count three of the plaintiff's revised complaint incorporates counts one and two, and further alleges:
16. Defendant, through his actions, displayed a reckless CT Page 8659 disregard for the health and safety of Pete who was entrusted to his care.
 17. Defendant, through his actions, displayed a reckless disregard for plaintiff's property rights and emotional well-being by using improper techniques to set Pete's leg and for inadequate monitoring of his patient's condition.
 18. Pete's death resulted solely from his reckless, careless and negligent treatment by defendant.
19. Defendant's conduct was reckless and wanton.
She argues that she has a personal property right in and to her cat and that therefore, she has a cause of action against the defendant for wantonly and recklessly injuring and destroying plaintiff's cat. She relies upon Soucy v. Wysocki, 139 Conn. 622, to support her claim, and further asserts that punitive damages may be awarded for animals wantonly or maliciously killed.
Leopold contends that count three should be stricken for two reasons. First, the defendant argues that reckless disregard for the emotional well-being of the plaintiff is simply bystander emotional distress disguised as reckless and wanton misconduct. Secondly, the defendant argues that there is no support for the plaintiff's claim of reckless disregard of her property rights in and to the cat. He claims that damages for disregard of the property rights of the cat is limited to the value of the cat, and the claim for punitive damages in this theory does not lie at law. He would rebut Soucy by noting its inapplicability because it dealt with an intentional killing of a pet on the defendant's premises. Thus, he concludes that no cause of action exists for reckless and wanton disregard of emotional well-being or of property rights.
It is not necessary to reach the question of whether or not an action lies in this context, however, because the plaintiff has failed to allege sufficient facts to support a cause of action for reckless and wanton disregard. She has merely repeated the negligence and bystander emotional distress claims of counts one and two, alleging that such conduct is also reckless and wanton. A plaintiff cannot transform a negligence count into a count for wilful and wanton misconduct merely by appending a string of adjectives to allegations that clearly sound in CT Page 8660 negligence. Brown v. Branford, 12 Conn. App. 106, 110.
"Our Supreme Court has stated that: `Wanton misconduct is more than negligence, more than gross negligence. It is such conduct as indicates a reckless disregard of the just rights or safety of others or of the consequences of action.'" Comrie v.Hinds, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 521854 (April 18, 1996, Lavine, J.), quoting Menzie v. Kalmonowitz, 107 Conn. 197, 199. The mere use of the words "reckless" and "wanton" is insufficient to raise an actionable claim of reckless and wanton misconduct.Sheiman v. Lafayette Bank Trust Co., 4 Conn. App. 39, 46. Recklessness is a state of consciousness with reference to the state of one's acts. It requires a conscious choice of a course of action either with knowledge of the serious danger to others involved in it or with knowledge of facts which would disclose this danger to any reasonable man, and the actor must recognize that his conduct involves a risk substantially greater than that which is necessary to make his conduct negligent. Valle v.Andrews, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 552111 (March 9, 1996, Hennessey, J.).
Simply reiterating the negligence and bystander emotional distress claims and drawing the legal conclusion that these acts are wanton and reckless is insufficient to state a cause of action. Leaksealers v. Connecticut National Bank, Superior Court, judicial district of Hartford/New Britain at Hartford (June 20, 1995, Hennessey, J.). But see Devine Pieszak v. Matthews, Superior Court, judicial district of Waterbury, Docket No. 010439 (August 8, 1991, Gaffney, J.) (denying motion to strike where recklessness allegation mirrors negligence count because what constitutes recklessness or wanton misconduct is question of fact). This court is satisfied that the defendant's motion to strike should be granted because the plaintiff has failed to allege sufficient facts to set forth a cause of action for reckless or wanton misconduct.
Count four of the plaintiff's revised complaint incorporates counts one, two and three and further alleges:
 20. Plaintiff engaged the services of defendant to perform a routine procedure on her healthy cat, Pete.
21. Defendant performed unsafe, inappropriate, painful CT Page 8661 and below standard procedures on Pete thereby resulting in his suffering and death.
 22. Defendant has similarly practiced upon animals belonging to other people in the community.
 23. Defendant's practices constitute a violation of the Connecticut Unfair Trade Practices Act in accordance with Section 42-110a et seq. of the Connecticut General Statutes in that defendant's actions have been immoral, oppressive, unscrupulous and in that they caused substantial injury to the plaintiff."
The defendant argues that count four is legally insufficient for several reasons. First, the defendant argues that the plaintiff is required to prove all the elements of professional negligence in a malpractice claim because the CUTPA claim is actually a professional malpractice claim. Second, the defendant claims that the plaintiff fails to state a cause of action by failing to plead the elements of CUTPA, which include unfair methods of competition, deceptive acts or practices in the conduct of any trade or commerce.
The defendant claims that the plaintiff has failed (1) to allege that the defendant was engaged in trade or commerce; (2) to allege specific trade practices of the defendant that were unfair or deceptive; and (3) to allege claims other than the negligence claims from another count. Furthermore, the defendant claims that the plaintiff has failed to allege that the defendant engaged in trade or commerce as required for a valid CUTPA claim.
The defendant also contends that CUTPA is not applicable to personal injury actions let alone actions for injuries upon a pet. He argues that even if an act is unfair or violative of public policy, it is not necessarily violative of CUTPA, and that simply alleging that an action is unfair and that it violates CUTPA is insufficient to set forth a CUTPA claim. Finally, the defendant asserts that the plaintiff simply incorporates by reference the negligence claims of the first count without setting forth how or in what respect the defendant's activities constituted "practices or methods of trade . . . that can be described as immoral, unethical, unscrupulous, or offensive to public policy." Citing to Chernet v. Wilton, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 108840 (September 28, 1990, Cioffi, J., 2 Conn. L. Rptr. 475, CT Page 8662 476).
The plaintiff argues that she is not making a claim of veterinarian malpractice and does not have to specify the common law requirements of a malpractice claim in order to claim a violation of CUTPA. She claims that the defendant's occupation as a veterinarian falls within CUTPA's definition of "trade" and "commerce." She also contends that in construing the facts most favorable to the plaintiff, the defendant's negligence, recklessness and wantonness in treating the plaintiff's cat is immoral, unethical, oppressive and unscrupulous, and violates CUTPA. Finally, she contends that the defendant's motion to strike is fatally defective in that it does not specify the grounds for insufficiency with regard to the required elements of medical or professional negligence and the failure to plead the elements of a CUTPA claim.
Our Unfair Trade and Practice Act provides that no person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce. In determining whether certain acts constitute a violation of this act, we have adopted the criteria set out in the cigarette rule: (1) whether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers (competitors or other businessmen). (Internal quotation marks omitted.) Williams Ford, Inc. v. HartfordCourant Co., 232 Conn. 559, 591. All three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria, or because to a lesser extent it meets all three. Thus, a violation of CUTPA may be established by showing either an actual deceptive practice, or a practice amounting to a violation of public policy. Jacobs v. Healey Ford-Subaru, Inc.,231 Conn. 707, 725-26.
The first prong of the cigarette rule, standing alone, is insufficient to support a CUTPA violation, at least when the underlying claim is grounded solely in negligence. WilliamsFord, Inc. v. Hartford Courant Co., supra, 593. In fact, several Superior Courts have interpreted appellate decisions to CT Page 8663 require negligence claims to fulfill all three prongs of the cigarette rule. A-G Foods, Inc. v. Pepperidge Farm, Inc.,216 Conn. 200, 216, ("Because neither the second or third prong of the `cigarette rule' has been satisfied, we conclude that Pepperidge Farm's negligence was not an unfair practice within the meaning of CUTPA."). See, e.g., Hernandez v. King, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 536321 (January 29, 1996, Hennessey, J.,16 Conn. L. Rptr. 65) (claims based on negligence must satisfy all three criteria adopted in the `cigarette rule'); Sipperly v.Burger King Corp., Superior Court, judicial district of New London at Norwich, Docket No. 094746 (March 17, 1992, Hurley, J.).
Furthermore, a party need not prove an intent to deceive to prevail under CUTPA. (Internal quotation marks omitted.) Jacobsv. Healey Ford-Subaru, Inc., supra. The question of whether an action or practice can be the basis of a CUTPA action depends upon all the circumstances of the particular case. Taking the facts favorable to the plaintiff, the court is not satisfied that George has stated a cause of action under CUTPA.
"A claim under CUTPA must be pleaded with particularity to allow evaluation of the legal theory upon which the claim is based." S.M.S. Textile Mills, Inc. v. Brown, Jacobson,Tillinghast, Lahan King, P.C., 32 Conn. App. 786, 797. First, the plaintiff must allege all three criteria under the cigarette rule. The facts alleged by the plaintiff, if proven, do not satisfy all three prongs of the rule. She alleges that the defendant held himself out as a licensed veterinarian duly qualified to render proper and adequate veterinary services to pets belonging to members of the general public. She also alleges that the defendant made assurances that the cat was all right despite the fact that the cat was not yet ambulatory on December 21, 1992, and subsequently had to undergo thirty-six (36) hours of intensive renal treatment at Bethel Veterinary Hospital. These allegations are insufficient to satisfy the first prong of the cigarette rule: violations of public policy or standards of fairness.
In order to withstand a motion to strike for legal insufficiency, the plaintiff must allege practices or methods of trade by the defendant that can be described as immoral, unethical, oppressive, unscrupulous or offensive to public policy. Chernet v. Town of Wilton, Superior Court, judicial CT Page 8664 district of Stamford/Norwalk at Stamford, Docket No. 108840 (September 28, 1990, Cioffi, J., 2 Conn. L. Rptr. 475, 476). Negligent acts, in general, are not inherently immoral, unethical, oppressive or unscrupulous. Anzellotti v. NationalAmusements, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 546129 (February 20, 1996, Hennessey, J.). See also A-G Foods, Inc. v. Pepperidge FarmInc., supra, 216 Conn. 215.
The plaintiff has certainly not alleged facts sufficient to support her contention of immoral practices by the defendant. It is conceded that CUTPA is a remedial statute and is to be construed liberally to effectuate its public policy goals.Lutson v. Bridgeport Hospital, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 268229 (August 10, 1990, Jones, J., 2 Conn. L. Rptr. 244, 245). However, accepting the facts most favorably to the plaintiff, she has failed to set forth a factual predicate in her pleading to establish the subject cause of action.
In order to allege a CUTPA violation properly, the plaintiff must allege, inter alia, that the acts complained of were performed in a trade or business." (Internal quotation marks omitted). Pergament v. Green, 32 Conn. App. 644, 655. See alsoQuimby v. Kimberly Clark Corp., 28 Conn. App. 660, 669. The plaintiff does not specifically state in her revised complaint that the defendant performed the allegedly deceptive or unfair acts in a trade or business. Nevertheless, it may be argued that facts necessarily implied by the allegations in a complaint are sufficiently pleaded and need not be expressly alleged. Costanzov. Ern-Len Corp., Superior Court, judicial district of New Haven, Docket No. 357966 (January 11, 1995, Hodgson, J.,13 Conn. L. Rptr. 316). This court disagrees with this argument as seen in these pleadings.
The plaintiff argues, in her memorandum of law in opposition to defendant's motion to strike, that the defendant's occupation as a veterinarian fulfilled the definition of trade or business under CUTPA. CUTPA defines trade and commerce to include "the distribution of any services." General Statutes § 42-110a(4). It may well be that the defendant's veterinary practice falls under this definition. See Haynes v. Yale-New Haven Hospital, Superior Court, judicial district of New Haven, Docket No. 263026 (June 2, 1995, Gordon, J.); Lutson v. Bridgeport Hospital, supra ("The court finds that a hospital business falls within CT Page 8665 CUTPA's definition of `trade' and `commerce' . . . .").
Although there is a split of authority within the Superior Court, a single act has been held to be a violation of CUTPA. The majority of Superior Court decisions have held that a litigant does not need to allege more than a single act of misconduct in order to bring an action under CUTPA. Hernandez v. King, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 536321 (January 29, 1996, Hennessey, J.,16 Conn. L. Rptr. 65, 67). But see Morgan v. Tolland CountyHealth Care Inc., Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. 469204 (February 9, 1996, Handy, J.) (There are no allegations that the defendant's conduct constituted a pattern of unfair or deceptive business practices. Thus, the actions complained of consist of merely a single act, within which are multiple acts of alleged negligence and/or recklessness, and therefore, the plaintiff has failed to adequately plead its CUTPA count.). It might be argued that the plaintiff has alleged more than a single act by reciting that the defendant has similarly practiced upon other animals, presumably meaning that the defendant has negligently performed unsafe and below standard procedures on other people's pets. This pleading, however, falls short of that argument.
There is also "a split within the superior court in recognizing CUTPA as a vehicle to recover for personal injuries."Sipperly v. Burger King Corp., supra. CUTPA deals with actions that cause unjustified consumer injury rather than a personal injury based upon negligence. Anzellotti v. NationalAmusements, supra. Suits undertaken pursuant to CUTPA must demonstrate some nexus with public interest. CUTPA is not intended to be a remedy for the redress of entirely private wrongs. De Armas v. Lettieri, Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. 453181 (January 12, 1995, Handy, J.). Once again, taking the facts favorable to the plaintiff, she has failed to allege a factual predicate or a pattern of misconduct.
The motion to strike is, accordingly, granted.
Moraghan, J.