[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE
The plaintiffs, Peter and Linda Sullivan, filed an amended four-count complaint against the defendants, Hocon Gas, Inc. and its employee, agent, and/or servant, James DeFlorio on October 7, 1996. The plaintiffs allege that on or about September 28, 1994, the defendants delivered propane to a tank connected to a second residence owned by the plaintiffs. Shortly thereafter, the building blew up and caught fire, and was substantially burned. The plaintiffs allege in counts one and two that the defendants were negligent and reckless respectively in delivering the propane; to the plaintiffs. The plaintiffs allege a cause of action for breach of contract in count three, and a cause of action under the Connecticut Unfair Trade Practice Act (CUTPA) in count four.
On October 17, 1996, the defendants filed a motion to strike counts two and four of the amended complaint, as well as the relating portions of the prayer for relief, for failure to allege, sufficient facts to support causes of action for reckless conduct and CUTPA.[1] The plaintiffs filed a memorandum in opposition to the defendants' motion to strike on November 1, 1996.
Count Two — Recklessness
The defendants argue that the second count of the amended complaint should be stricken because it incorporates the CT Page 7994 negligence allegations contained in count one, without the required additional allegations that these actions were also reckless in nature. The defendants argue further that the plaintiffs must plead facts alleging some duty running from the defendants to the plaintiffs, and show a reckless state of mind as to the defendants, for the allegations in count two to be legally sufficient.
In response, the plaintiffs argue that the allegations contained in count two paragraph 10[2] allege sufficient facts to transform the allegations contained in paragraph nine subsections (a) through (k) pertaining to negligent conduct into a claim of reckless conduct. The plaintiffs also claim that the allegations contained in count two paragraph 9 support a cause of action for recklessness in and of themselves, as the defendants are alleged to have violated safety regulations of the State of Connecticut concerning the proper handling of propane, propane tanks, and the failure to perform inspections and follow proper procedures when working with gas lines, which are in place to protect consumers.
"It is well established that causes of action for negligence and wilful or malicious conduct are separate and distinct causes of action." (Internal quotation marks omitted.) Warner v.Leslie-Elliot Constructors, Inc., 194 Conn. 129, 138,479 A.2d 231 (1984). "There is a substantial difference between negligence and wilful or malicious conduct, and a complaint should employ language explicit enough to inform the court and opposing counsel clearly that wilful or malicious conduct is being asserted." Id.
While the Connecticut Supreme Court has "attempted to draw definitional distinctions between the terms wilful, wanton or reckless, in practice the three terms have been treated as meaning the same thing." West Haven v. Hartford Ins. Co.,221 Conn. 149, 161 n. 3, 602 A.2d 988 (1992). Each refers to "highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent." (Internal quotation marks omitted.) Dubay v. Irish,207 Conn. 518, 533, 542 A.2d 711 (1988). "Where one count of a complaint sounds in negligence and another count attempts to state a cause of action for recklessness by relying on the same fact pattern as the negligence count and, simply referring to such conduct as reckless, a cause of action for recklessness has not been sufficiently alleged." Jones v. Albee, Superior Court, judicial district of New Haven at New Haven, Docket No. 349998 (November 3, 1993, Hartmere, J.). CT Page 7995
However, construing the allegations in the amended complaint in the light most favorable to the plaintiffs, the plaintiffs have pleaded sufficient facts in count two to support their allegations that the defendants acted recklessly. The plaintiffs have specifically pleaded in count two, paragraph 9 that "Hocon and DeFlorio acted willfully as they acted in reckless disregard to the health and safety of the plaintiffs and in reckless indifference to the consequence of the life, limb, health or property rights of the plaintiffs . . . ." In count two, paragraph 10, the plaintiffs specifically allege that "Hocon and DeFlorio knew or should have known that their acts and/or omissions . . . would create a serious danger to others and to their property." These allegations are unique to those contained in count one, which sounds only in negligence. Thus, the reckless allegations have been pleaded separately and distinctly from the negligence allegations. The plaintiffs have clearly pleaded that the harm suffered was caused by the reckless conduct of the defendants. Finally, the language employed by the plaintiffs in count two is explicit, so as to inform the court and opposing counsel that reckless conduct is being asserted.
Count Four — CUTPA
The defendants argue that the fourth count of the amended complaint should be stricken because the underlying claim is based on a single alleged incident of negligence, and no ascertainable loss due to the alleged unfair or deceptive business practice has been alleged.
The plaintiffs argue that acts of negligence can be the basis of a legitimate CUTPA claim, if the negligent acts satisfy the criteria set forth in the "cigarette rule." The plaintiffs argue further that due to the dangerous nature of the defendants' business, the responsibility they owe to the public, and the alleged violations of related state regulations, the allegations are sufficient to support the requirement that some public policy be violated, and that immoral, unethical, oppressive, or unscrupulous conduct be alleged. The plaintiffs argue also that more than one act of negligence has been alleged.
General Statutes § 42-110b(a) states: "No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." General Statutes § 42-110a(4) defines trade or commerce as CT Page 7996 "the advertising, the sale or rent or lease, the offering for sale or rent or lease, or the distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value in this state."
The plaintiffs allege in count one of the amended complaint that "DeFlorio, acting within the scope of his employment with Hocon, stopped at the Premises to make a delivery of propane to a tank connected to the Second Residence." Read in the light most favorable to the plaintiff, this allegation amounts to "trade or commerce" as defined under CUTPA.
Another necessary element of a CUTPA claim is evidence of unfair or deceptive acts or practices under General Statutes § 42-110b(a) "[I]n determining whether an act or practice violates CUTPA [the Supreme Court has] adopted the criteria set out in the cigarette rule by the federal trade commission for determining when an act or practice is unfair: (1) whether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by the statutes, the common law, or otherwise — whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers, competitors or other businessmen." (Brackets omitted.) Fink v. Golenbock,238 Conn. 183, 215, 680 A.2d 1243 (1996). "All three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three." Id.
"Thus a violation of CUTPA may be established by showing either an actual deceptive practice or a practice amounting to a violation of public policy." Jacobs v. Healy Ford-Subaru, Inc.,231 Conn. 707, 725, 652, A.2d 496 (1995).
In count four of the amended complaint, the plaintiffs have incorporated from count one the allegation that the defendants "violated safety regulations of the State of Connecticut . . . ."[3] The Supreme Court has held, in Conwayv. Prestia, 191 Conn. 484, 493, 464 A.2d 847 (1983), that a violation of the public policy embodied in a regulatory statute amounts to unfair acts or practices within the meaning of §42-110b. "Thus, under the Conway doctrine, the conduct alleged, if proven, constitutes an unfair trade practice in violation of CT Page 7997 General Statutes § 42-110b" Hernandez v. King, Superior Court, judicial district of Hartford, Docket No. 536321 (January 29, 1996, Hennessey, J.) (16 Conn. L. Rptr. 65, 67). In the present action, the plaintiffs' allegations concerning the defendants' violations of regulatory provisions regarding the safe handling of propane constitute an unfair act or practice under CUTPA.
"General Statutes § 42-110b(a) makes reference to the plural `unfair methods of competition and unfair or deceptive acts or practices,' and General Statutes § 42-110g(a) makes reference to the singular `method, act, or practice.' Due to this contradiction, there is a split of authority at the superior court level as to whether a single act can constitute a CUTPA violation." (Emphasis omitted.) Hernandez v. King, supra,16 Conn. L. Rptr. 67. Based upon the provisions of General Statutes § 42-110b(d), which specifically states that "[i]t is the intention of the legislature that this chapter be remedial and be so construed," the plaintiffs need not allege more than one instance of conduct under General Statutes § 42-110b(a) to support a claim under CUTPA.[4]
In paragraph 12 of the fourth count of the amended complaint, the plaintiffs allege various losses incurred due to the alleged negligence and recklessness of the defendants. When the amended complaint is read in the light most favorable to the plaintiffs, these losses are related to the defendants' alleged violation of state regulatory provisions and the public policies embodied therein, which forms a cause of action under CUTPA. Therefore, the plaintiffs have alleged sufficient damages springing from the allegations made in count four of the amended complaint to support a cause of action brought under CUTPA.
In conclusion, the plaintiffs have pleaded sufficient facts to allege causes of action grounded in both negligence and recklessness and have alleged sufficient facts to support their claim brought under CUTPA. Accordingly, defendants Motion to Strike (#107) will be denied as to counts two and four, and it will also be denied as to the corresponding portions of the prayer for relief.
MICHAEL HARTMERE JUDGE OF THE SUPERIOR COURT