[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO STRIKE #102
The defendant has moved to strike count three of the plaintiffs' complaint on the ground that "a Connecticut Unfair Trade Practices Act [`CUTPA'] claim for a single act improperly attached to a breach of contract and negligence[1] action is legally insufficient. . . ."
While there is a split of authority within the Superior Court with regard to a "single act" argument advanced by this defendant, "the majority of superior court decisions . . . have held that a litigant does not need to allege more than a single act of misconduct in order to bring an action under CUTPA." (Internal quotation marks omitted.) Hernandez v. King, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 536321 (January 29, 1996; Hennessey, J.) (16 Conn. L. Rptr. 65, 67). "The language of [CUTPA] allows a single unfair act to form the basis for a CUTPA claim." Levesque v. Kris Enterprises,
Superior Court, judicial district of Litchfield, Docket No. 053776 (May 20, 1991; Susco, J.) (4 Conn. L. Rptr. 86). But see Duncan v.Burnside Motors Inc., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 320602 (February 26, 1987; O'Neill, J.) (2 C.S.C.R. 379) (reading language of CUTPA as plural).[2]
It is the opinion of this court and others that "the cases holding that a single act can constitute a CUTPA violation are better reasoned in light of principles of statutory construction and the remedial intent of the act." Bonnell v. United ParcelService, Superior Court, judicial district of Danbury, Docket No. 315927 (February 7, 1997; Grogins, J.) (18 Conn. L. Rptr. 646, 650). Accord Roncari Development Co. v. GMG Enterprises, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 394934 (January 8, 1997; Sheldon, J.). But seeMedeiros v. Federal Paper Board, Superior Court, judicial district of New London, Docket No. 536477 (July 2, 1996; Hurley, J.). Moreover, "a considerable number of appellate cases, while not focusing on this precise point, have recognized the validity of a CUTPA claim arising out of a single transaction." (Internal quotation marks omitted.) Ricotta v. Drummond, Superior Court, judicial district of Danbury, Docket No. 324047 (February 25, CT Page 11286 1997; Stodolink, J.). Therefore, the plaintiffs are not required to allege more than a single transaction to state a legally sufficient cause of action.
"[T]he same facts that establish a breach of contract claim may be sufficient to establish a CUTPA violation. . . ." Lester v.Resort Camplands International, Inc., 27 Conn. App. 59, 71,605 A.2d 550 (1992). "However, when the court has permitted a CUTPA cause of action based on a breach of contract, there was generally some type of fraudulent behavior accompanying the breach or aggravating circumstances." Beekley Corp. v. Doyle, Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. 466681 (January 17, 1996; Handy, J.).
Here, the plaintiffs have alleged more than a simple breach of contract. The plaintiffs have alleged that the defendant was aware that the specifications were inadequate and that the work and materials were defective. The plaintiffs have further alleged that the defendant failed to notify the plaintiffs of the inadequacies of the project and refused to return their phone calls or to appear at the job site, thereby abandoning the project. The facts as alleged are sufficient to state a claim under CUTPA.
The Motion to Strike is denied.
The Court
RONAN, J.