[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE THIRD, FOURTH, SIXTH ANDSEVENTH COUNTS OF AMENDED COMPLAINT DATED OCTOBER 3, 1997
The plaintiff, at oral argument, conceded that count three and count four of the amended complaint, alleging nuisance, may be stricken. Hence the court grants the defendant's motion to strike the third and fourth counts of the complaint.
This is an action by the property owners Byron and Lisa Yost against the defendant A-1 Oil Company seeking damages allegedly caused by the oil company delivering 771.5 gallons of fuel oil into a 550 gallon tank, thereby causing spillage, and hence pollution at the plaintiff's property.
The sixth count of the complaint is captioned "Connecticut Unfair Trade Practice Violation Based On Negligence". The seventh count of the complaint is captioned "Connecticut Unfair Trade Practice Based on Breach of Contract". This defendant A-1 Oil CT Page 3831 Company moves to strike count six and count seven.
As a preliminary matter, applicable to both counts, the defendant appears to claim that a CUTPA claim cannot be based upon a single unfair or deceptive act. Although a minority of Supreme Court decisions appear to support that position, yet the majority of such decisions do not support that contention.
Currently, no appellate authority exists on the issue of whether a single unfair or deceptive act constitutes a violation of the Connecticut Unfair Trade Practices Act (CUTPA). The split of authority in the trial court on this issue is based on the language of the CUTPA statutes. General Statutes § 42-110b, which prohibits unfair trade practices, is phrased in the plural. Subsection a of § 42-110b reads: "No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Section42-110g, which provides a right of action for a violation of CUTPA, is phrased in the singular: "Any person who suffers any ascertainable loss of money or property . . . as a result of the use or employment of a method, act or practice prohibited by section 42-110b, may bring an action in the judicial district. . . ."
The majority of trial court judges who have ruled on this issue have held that a CUTPA claim may be based on a single unfair or deceptive act. See Levins v. Conlon, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 343997 (November 4, 1997, Ronan, J.); Four Beaches Condo v. W.C. BresciaPlumbing, Superior Court, judicial district of New Haven at New Haven, Docket No. 384124 (May 23, 1997, Licari, J.); Slitz v.Pyramid Custom Home Corp. of Connecticut, Superior Court, judicial district of Danbury (April 4, 1997, Stodolink, J.);Lichstein v. Yankee Coach Trailer Sales Inc., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 565882 (March 27, 1997, Lavine, J.) (3 Conn. Ops. 844); GlaserRealty Assoc. v. Joshua Morris Publ., Superior court, judicial district of Danbury, Docket No. 322785 (January 15, 1997,Moraghan, J.); Bonnell v. United Parcel Service, Superior Court, judicial district of Danbury, Docket No. 315927 (February 7, 1997, Grogins, J.) (18 Conn. L. Rptr. 646;); DiversifiedFinancial Systems v. Muslein, Superior Court, judicial district of Litchfield, Docket No. 06876 (April 23, 1996, Pickett, J.);Hernandez v. King, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 536321 (January CT Page 3832 29, 1996, Hennessey, J.) (16 Conn. L. Rptr. 65); Jokl v. Watt,
Superior Court, judicial district of New Haven at New Haven, Docket No. 372000 (February 28, 1996, Gray, J.) and Becher v.Seifel, Superior Court, judicial district of Litchfield, Docket No. 068680 (November 27, 1995, Pickett, J.).
The court is in agreement with the above cited decisions. There is no necessity that the plaintiff allege that the defendant engaged in the same unfair act on a repetitious basis for there to be a violation of CUTPA.
 I As to the sixth count of the complaint. CUTPA based on negligence.
The court is in agreement with the defendant that a single isolated act of negligence, here the overfilling of the oil tank, would not in and of itself constitute a violation of CUTPA. Were it otherwise every occasion whereby a party, in a business context, is negligent in any fashion would constitute a violation of CUTPA. "The repossession in issue appears to be an isolated instance of misinterpretation by the defendant of its obligations due to the unique circumstances of this particular case as distinguishable from unfair or deceptive acts or practices in the defendant's trade or business." Jacobs v. Healy Ford-Subaru,Inc., 231 Conn. 707, 729 (1995).
The plaintiff herein has alleged that the defendant ". . . knew . . . that the home heating fuel not contained in the tank spilled over and otherwise was released from the tank". Further, that the defendant failed to inform the town of Ellington Fire Department or the DEP about the home heating fuel oil in the oil spill, or to warn the plaintiffs of the overspill. Or to report the spill to the "appropriate government agency (sic Commissioner of Environmental Protection)" in violation of General Statutes § 22a-450. The allegations set forth therein, actual knowledge of the oil spill together with what may be interpreted to be an actual knowledge of a duty to report, and an intentional disregard thereof, transcend the concept of an act of simple negligence or several inadvertent failures, and may be interpreted as a subsequent attempt to avoid the financial and regulatory consequences of disclosure, thus thrusting such burden upon the plaintiff. There can be little question that if these allegations can be proven, such a scenario may not be outside of the parameters of the concept of being unethical; unscrupulous; CT Page 3833 unfair; deceptive. See Jacobs v. Healy Ford-Subaru, Inc., supra. p. 725.
 II As to the seventh count of the complaint, CUTPA violationbased on breach of contract.
The same reasoning applies to the seventh count, as it does to the sixth count. The mere breach of contract in failing to deliver the proper amount of fuel oil, in and of itself, would not be a violation of CUTPA. However, the alleged evasive activity thereafter would cause the breach to transcend the elementary concept of a simple breach of contract.
For the reasons set forth herein, the motion to strike the sixth and seventh counts of the complaint is denied.
L. Paul Sullivan, J.