[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE COUNTS FOUR FIVE OF THE COMPLAINT DATED SEPTEMBER 30, 1998
It is said that Jack Jason was walking his leashed 9-year old toy poodle on a Fairfield sidewalk when defendants' pit bull terrier "attacked, mutilated and killed" it. In efforts to defend his dog, plaintiff further alleges, the pit bull also attempted to bite him several times.
Plaintiffs' third count alleges that "defendants' act or failure to act. . . . inflicted severe emotional distress on plaintiff, Jack Jason" and that defendants knew or should have known this would occur.[1]
Before this court is the defendants' motion to strike the next two counts, four and five, in which, plaintiff Jack Jason claims that "as a by-stander and witness" to the attack upon and demise of the family pet, he "suffers emotional distress." Co-plaintiff and co-owner, Patricia Jason claims identically.
The complaint does not state the location of plaintiff Patricia Jason at the time of the attack, other than to say that she "viewed" it. At oral argument, however, each attorney spoke of her as being in the family house nearby looking out the window.
It seems clear to this court that the "by-stander" claims of the more distantly located plaintiff Patricia are beyond the reach or imaginable future reach of Clohessy v. Bachelor,237 Conn. 31 (1996), for the "closely related to the injury victim" requirement thereof will not be deemed met by owner-dog relationships when only those of human relationships of parent and child and sibling to sibling are currently recognized.[2]See, also, George v. Leopold, 1996 Ct. Sup. 8655-GG, 18 CLR 180, No. 314997 (1996) (Moraghan, J.).
This leaves for attention the claims of Jack Jason in challenged count four and challenged count three (emotional distress). In count three, Mr. Jason bases his emotional distress claim (note this is not articulated as "by-stander" distress) solely upon the defendant's failure to restrain their pit bull which attempted to bite plaintiff himself. The topic of whether Mr. Jason's presumptively obvious suffering at having to combat and watch his dog s death can fit with traditional emotional distress rubric is not directly urged in the briefs, or necessarily embodied in unchallenged count three.
It is appropriate to note that this court must strike the CT Page 15334 "forced-to-watch" claim out of the "bystander" Clohessy
articulation in Count five. It must be stricken for the same no-close-relationship rationale utilized here to strike Mrs. Jason's "bystander" claim.
Query, however, whether the forced-to-watch notion cannot reside legally within the "traditional" emotional distress configuration of unchallenged count three, for if no Clohessy-required "relationship" exists, Mr. Jason is not a "bystander." He is either a cognizable victim of "traditional" emotional distress or he is not. However, as noted, that claim must be stricken from count five with this court not having to determine its eligibility for count three's "traditional" emotional distress assertion.
Counts four and five are stricken.
NADEAU. J.