[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED AUGUST 1, 1995
The plaintiff brings this action to collect on a promissory note executed by a third party and guaranteed by the defendant. In its prayer for relief, the plaintiff seeks attorneys fees and costs. The defendant moves to strike these claims from the prayer for relief.
A motion to strike may be used to test the legal CT Page 9952 sufficiency of a prayer for relief. Practice Book § 152(2). The motion should be granted if the relief demanded does not correspond to the allegations in the complaint.Van Epps v. Redfield, 68 Conn. 39, 45 (1896).
Absent statutory or contractual authorization, an opposing party is not entitled to attorney fees; Marsh,Day Calhoun v. Solomon, 204 Conn. 639, 652-53
(1987); nor is a party entitled to recover costs or damages for the expenses of litigation. Bross HomeConstruction Corp. v. Ryan Crane Service Corp.,32 Conn. Sup. 181, 182 (Super.Ct. 1975).
In the present case, the promissory note (exhibit A to the complaint) provides in pertinent part that the "[b]orrower promises to pay to the order of the holder hereof such holder's reasonable attorneys fees and court costs . . ." The defendant guarantor correctly argues that this clause clearly applies to the borrower, who is not a party to this action. Nevertheless, the guaranty agreement (exhibit B to the complaint) provides in pertinent part that "[i]n consideration of the loan made upon the note, the [defendant] hereby unconditionally guarantees to [the plaintiff] . . . that all sums stated therein to be payable on the note shall be promptly paid in full, in accordance with the provisions thereof . . ."
The interpretation of a contract is generally a question of fact. Bowman v. 1477 Central Avenue Apartments,Inc., 203 Conn. 246, 257 (1987). "In the absence of `definitive contract language' . . . `the determination of what the parties intended to encompass in their contractual commitments is a question of the intention of the parties, and an inference of fact.'" Finley v. Aetna Life Casualty Co., 202 Conn. 190, 199 (1987).
In the present case, the phrase "all sums stated therein," which appears in the guaranty agreement, is ambiguous. Based on the pleadings and the exhibits attached thereto, the court cannot ascertain whether this phrase refers only to principal and interest due on the note, or whether it includes attorney fees and costs in addition to the principal and interest due on the note. To resolve this issue, the court would have to look beyond the facts alleged in the complaint and consider additional CT Page 9953 evidence with respect to the intent of the parties. Where the legal grounds for a motion to strike are dependent upon underlying facts which were not alleged in the plaintiff's pleadings and which only could be proved by evidence that would be adduced at trial, the motion should be denied. Liljedahl Bros., Inc. v. Grigsby,215 Conn. 345, 348 (1990). Accordingly, the court denies the defendant's motion to strike.