[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTIONSTO STRIKE (#118 AND #121)
On March 29, 1996, the plaintiff, a condominium association, filed a seven-court complaint on its behalf and on behalf of its members and unit owners. In response to a request CT Page 5564 to revise (# 103), the plaintiff filed a revised complaint (# 106) on June 20, 1996. On March 17, 1997, the plaintiff filed a second amended complaint alleging the following facts.
The directors of Beachhead Development Corporation were the declarants for the condominium complex. Sevens East Haven Construction Company was the general contractor. Beachhead hired architectural design corporation Zane Yost Associates ("Yost") to design the complex. Yost in turn hired Bruce J. Spiewak ("Spiewak") as an architectural/engineering consultant. After Beachhead obtained certificates of occupancy, the Fire Marshall inspected the complex and discovered numerous code violations. Yost and Spiewak filed Requests for Modification, proposing to install a fire protection sprinkler system in lieu of meeting the code specifications. Yost committed to oversee the design and installation of the system. John McCurry was hired to design the system and Brescia Plumbing was hired to install the system. After installation, the system malfunctioned and caused damage to several units. An investigation revealed that the system was improperly designed and installed. As a result, the units are in violation of the fire code. The current unit owners are at risk of eviction and arrest, as well as suffering financial losses due to the improperly constructed complex.
The complaint alleges negligence and violations of the Connecticut Unfair Trade Practices Act (CUTPA) against William C. Brescia individually and as Brescia Plumbing ("Brescia"), Yost, and Spiewak. The complaint also alleges a breach of warranty against Brescia.
On June 25, 1996, Brescia filed an apportionment complaint against Beachhead Development Corporation, Stevens East Haven Construction Company, Stephen Dombrowski, John McCurry, and the directors of Beachhead Development Corporation.[1]
Yost and Spiewak filed a joint motion to strike the claims of CUTPA violations against Yost (count fourteen) and Spiewak (count sixteen). (Motion to Strike # 118.) Yost and Spiewak move on the ground that the allegations are insufficient as a matter of law. The plaintiff filed an objection to the motion to strike on October 2, 1996, arguing that a single act is sufficient and that it has alleged more than one act.
Brescia filed a motion to strike the claim of breach of warranty (count two) and violation of CUTPA (count three) as CT Page 5565 legally insufficient. (Motion to Strike # 121.) Brescia also moved to strike the prayers for relief for consequential, compensatory, exemplary and punitive damages (paragraph two); cost and attorneys' fees (paragraph three); and damages under CUTPA including money damages, punitive damages, and attorneys' fees (paragraph four) as legally insufficient. Brescia argues that the express and implied warranties of General Statutes §§ 47-117 and 47-118 do not cover the condominium complex. Brescia also argues that the allegation of negligence is insufficient to state a claim under CUTPA. The plaintiff filed its objection to Brescia's motion to strike on December 4, 1996. The plaintiff argues that Brescia's installation does fall under the statute and that it has alleged sufficient facts to support a claim of a CUTPA violation. All parties filed appropriate memoranda of law with respect to each motion to strike. This court heard argument on February 3, 1997.
"If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Waters v.Autori, 236 Conn. 820, 826, ___ A.2d ___ (1996). In evaluating the motion to strike, "[t]he court must construe the complaint in the manner most favorably to the plaintiff." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp.,240 Conn. 576, 580, ___ A.2d ___ (1997).
A motion to strike may be used to challenge the legal sufficiency of a prayer for relief. Kavarco v. T.J.E. Inc.,2 Conn. App. 294, 298 n. 4, 478 A.2d 257 (1984). A motion to strike a prayer for relief is properly granted where "assuming the truth of the allegations in the complaint, the relief sought could not be legally awarded to the plaintiff." Id.
The New Home Warranties Act provides for express and implied warranties for improvements made by vendors. General Statutes §§ 47-117 and 47-118. An improvement is "any newly constructed single family dwelling unit, any conversion condominium unit being conveyed by the declarant and any fixture or structure which is made a part thereof at the time of construction or conversion by any building contractor, subcontractor, or declarant." § 47-116. The term vendor includes "any person engaged in the business of erecting or creating an improvement on real estate." Id.
Brescia argues that the plaintiff has failed to plead that the defendants were vendors and that the plaintiff cannot CT Page 5566 plead that the work of Brescia was an improvement because a condominium complex does not fall under §§ 47-117 and 47-118. The plaintiff argues that a condominium is a "single family dwelling unit" and that, as a result, Brescia's work on the sprinkler system constitutes an improvement.[2]
"The New Home Warranties Act is a remedial statute. As such, it must be liberally construed in favor of those whom the legislature intended to benefit." (Internal quotation marks omitted.) Pelletier v. Pelletier Development Co., Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 463671 (March 14, 1996, Fineberg, J.). The legislature intended to impose liability "in favor of the purchaser of any improved real estate." Krawiec v. Blake ManorDevelopment Corp., 26 Conn. App. 601, 605, 602 A.2d 1062 (1992).
"Connecticut courts have given a broad construction to the term `vendor' in the New Home Warranties Act." Palm v.Zazzarino, Superior Court, judicial district of New Haven, Docket No. 291427 (November 7, 1990, Dorsey, J.). A vendor is anyone engaged in the business of creating an improvement on real estate. § 47-116. Brescia conceded at oral argument that the sprinkler system would qualify as an improvement if the condominium complex were covered by the act.
The plaintiff has alleged that Brescia is engaged in the business of plumbing subcontracting and that he installed the sprinkler system in the condominium complex. Given the remedial purpose of the act and its liberal construction, there is no requirement that the plaintiff specifically use the term "vendor" in its complaint. The issue becomes whether a condominium falls under the New Home Warranties Act.
This court concludes that a new condominium unit is a "single family dwelling unit" under § 47-116. A "conversion condominium" unit is included in the definition of an improvement under § 47-116. According to Brescia, the absence of "condominium" from the New Home Warranties Act indicates that buyers of newly constructed condominiums are excluded from the protection of the act. The plaintiff counters that condominiums are not listed because they clearly meet the definition of a single family dwelling unit. The defendant's interpretation clearly frustrates the intent of the legislature in enacting the New Home Warranties Act. Moreover, the legislative history supports the plaintiff's position. Legislators and others CT Page 5567 discussing the New Home Warranties Act apparently assumed that condominium units for single families would be covered by the Act. See Joint Standing Committee Hearings, General Law, Pt. 1, 1975 Sess., p. 3;[3] Joint Standing Committee Hearings, General Law, Pt. 3, 1976 Sess., p. 1220.[4]
Furthermore, several superior courts have applied the New Home Warranties Act to condominium complexes. For instance, in Guiliano v. Taft Pointe, the court held that a water problem in a condominium unit violated the implied warranty of § 47-118.Guiliano v. Taft Pointe, Superior Court, judicial district of Waterbury, Docket No. 092179 (August 13, 1990, Healey, S.T.R.). See also Mountaindale Condominium Assoc. v. Zappone, Superior Court, judicial district of Litchfield, Docket No. 067279 (September 6, 1995, Pickett, J.) (considering statute of limitations under New Home Warranties Act with regard to claim brought by condominium association); Old Town Condominium Assoc.v. O Corp., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 227012 (October 16, 1990, Thim, J.;2 Conn. L. Rptr. 264) (allegations that defendant bank acted as more than lending institution with regard to condominiums at issue were sufficient to state a cause of action under the Act).
The condominium complex is covered by the New Home Warranties Act. Although the plaintiff has not specifically alleged that Brescia is a vendor, he has alleged sufficient facts to state a claim of breach of warranty under §§ 47-117 and 47-118. Therefore, Brescia's motion to strike count two is denied.
Counts three, fourteen, and sixteen allege violations of CUTPA against Brescia, Yost, and Spiewak (collectively, "the defendants"). CUTPA provides: "No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce. In determining whether certain acts constitute a violation of this act, we have adopted the criteria set out in the cigarette rule . . . (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers [(competitors or other businessmen)]." (Internal quotation marks omitted.) Williams Ford, Inc. v. Hartford Courant Co.,
CT Page 5568232 Conn. 559, 591, 657 A.2d 212 (1995).
The defendants move to strike on the ground that the plaintiff's allegations are legally insufficient. Specifically, the defendants argue that the plaintiff has failed to allege more than a single act, rendering its CUTPA claims legally insufficient. A close examination of superior court cases, however, reveals a split of authority. "[T]he majority of superior court decisions . . . have held that a litigant does not need to allege more than a single act of misconduct in order to bring an action under CUTPA." (Internal quotation marks omitted.) Hernandez v. King, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 536321 (January 29, 1996, Hennessey, J.; 16 Conn. L. Rptr. 65, 67).
As enumerated hereafter the plaintiff has alleged multiple acts of misconduct. This alone defeats the defendants' argument. Furthermore, even if the plaintiff has alleged only a single transaction, even one act of misconduct can be sufficient to state a cause of action under CUTPA.
The defendants rely on Koehm v. Kuhn to argue that a single act is insufficient for a CUTPA violation. Koehm v. Kuhn,41 Conn. Sup. 130, 139, 558 A.2d 1042 (1987), aff'd on other grounds, 18 Conn. App. 313 (1989). In Koehm v. Kuhn, the court stated, "A single instance or even isolated instances of unfair practices do not warrant actions under CUTPA." Id. "[T]he defendant's reliance on Koehm v. Kuhn . . . is misplaced. . . .Koehm reaches this conclusion by relying on language in Mead v.Burns, 199 Conn. 651 (1986). However, Mead involved the Connecticut Unfair Insurance Practices Act (CUIPA) which specifically states that for unfair settlement practices to occur such practices must be committed with `such frequency as to indicate a general business practice.'" CUTPA contains no such provision. Metpath, Inc. v. IDS Corp., Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 435312 (March 12, 1991, Aronson, J.; 3 Conn. L. Rptr. 349, 350).
Rather, CUTPA "makes reference to the plural `unfairmethods of competition and unfair or deceptive acts orpractices,' and . . . to the singular `method, act or practice.'"Hernandez v. King, supra. "The language of these provisions allows a single unfair act to form the basis for a CUTPA claim."Levesque v. Kris Enterprises, Superior Court, judicial district of Litchfield, Docket No. 053776 (May 20, 1991, Susco, J.; 4 CT Page 5569 Conn. L. Rptr. 86). Moreover, CUTPA is a remedial statute and should be liberally construed. Web Press Services Corp. v. NewLondon Motors, 203 Conn. 342, 344, 525 A.2d 57 (1987). Thus, a single act is sufficient to state a cause of action under CUTPA.
"[U]sually when CUTPA is held to apply to a single transaction, the defendant is an entity or an individual engaged in a business activity which is at the heart of the complaint and the alleged violation." (Internal quotation marks omitted.) Joklv. Watt, Superior Court, judicial district of New Haven, Docket No. 372000 (February 28, 1996, Gray, J.). See also New HorizonsRealty Inc. v. Goodby, Superior Court, judicial district of Middlesex, Docket No. 068068 (July 25, 1994, Gaffney, J.). This situation is distinct from a single transaction where the party or parties involved are private individuals, for example, a homeowner selling his house. Compare Petrone v. Melnick,
Superior Court, judicial district of Tolland at Rockville, Docket No. 042882 (July 13, 1990, Klaczak, J.; 2 Conn. L. Rptr. 99) (one-time sale of home arranged by real estate agency can be basis of CUTPA claim) with Bertrum v. Miller, Superior Court, judicial district of Litchfield, Docket No. 046559 (February 8, 1989, Pickett, J.) (private, one-time sale of home not in course of trade or business does not violate CUTPA). All of the defendants here were acting in their business and professional capacities in connection with the condominium complex. Accordingly, even if the plaintiff's allegations are based on single instances of misconduct, they are sufficient to allege CUTPA violations against the defendants.
The defendants next contend that even if a single act may be sufficient in some circumstances, a single act of negligence never states a claim under CUTPA. The plaintiff argues that its allegations go beyond simple negligence and this court agrees. Therefore, this court need not determine the adequacy of a single act of negligence to support a CUTPA claim. Rather than alleging mere negligence, the plaintiff has alleged breach of warranty and misrepresentation sufficient to sustain its claims under CUTPA.
With regard to count three, the plaintiff alleges that Brescia violated CUTPA in the following ways. Brescia held himself out as having the necessary skill and experience to install the sprinkler system. Brescia violated his duty of care for many reasons, including a failure to warn. Brescia installed the system with latent, inherent defects. Brescia offended CT Page 5570 public policy by violating the New Home Warranties Act and numerous sections of the National Fire Protection Association guidelines. (Second Amended Complaint, Count Three.)
With regard to count fourteen, claiming CUTPA violations against Yost, the plaintiff alleges the following. Yost held itself out as having the necessary knowledge, skill and experience to design the project, give opinions and recommendations, supervise, and perform final inspection/approval. Yost breached its duty of care by failing to notify those affected of defects and departures from standards. Yost failed to determine and make known to the plaintiff the inaccuracies in the complex, the existence of the Requests for Modifications, the rejection of the system by the Fire Marshall, the below-standard work of Brescia, and the inadequate installation of the sprinkler system. The plaintiff also alleges that Yost violated the public policy expressed in the building and fire codes. (Second Amended Complaint, Count Fourteen.)
Count sixteen alleges CUTPA violations against Spiewak. The plaintiff alleges that Spiewak held himself out as competent and skilled. According to the plaintiff, Spiewak violated his duty of care in several ways including his failure to tell the plaintiff of inaccuracies, failure to disclose that the sprinkler system did not comply with regulations, failure to disclose the Requests for Modification, failure to inform the plaintiff of the rejection of the design by the Fire Marshall, and failure to determine or make known that Brescia's work did not conform to standards. The plaintiff also alleges that Spiewak violated public policy contained in the state building and fire codes. (Second Amended Complaint, Count Sixteen.)
With regard to breach of warranty, Brescia argues that the claim is insufficient and thus cannot be a basis for a CUTPA violation. The court has already concluded that the plaintiff sufficiently has alleged a cause of action for breach of warranty. As a result, Brescia's breach of §§ 47-117 or 47-118
of the New Home Warranties Act, if proved, would support a cause of action under CUTPA.
In Krawiec v. Blake Manor Development Corp., the court upheld the trial court's finding of a violation of CUTPA based on the defendant's breach of the statutory implied warranties of the New Home Warranties Act. Krawiec v. Blake Manor DevelopmentCT Page 5571Corp., supra, 26 Conn. App. 607-08. See also Amato v. SherwoodForest Inc., Superior Court, judicial district of New Haven, Docket No. 341185 (September 1995, Hodgson, J.;15 Conn. L. Rptr. 69, 72). The plaintiff has sufficiently alleged actions which, if proven, would be "offensive because they [are] in contravention of public policy advanced by the New Home Warranties Act which is to protect new home buyers." Amendola v.Giammattei, Superior Court, judicial district of New Haven, Docket No. 260230 (June 27, 1991, Ramsey, S.T.R.), cert. denied,223 Conn. 911 (1992). The motion to strike count three is denied.
Brescia's motion to strike count three is also denied on the ground that the plaintiff sufficiently has alleged misrepresentation to state a claim under CUTPA. Similarly, the motion to strike count fourteen (CUTPA violations against Yost) and count sixteen (against Spiewak) is also denied. The plaintiff has alleged misrepresentation by the defendants which can be the basis for a violation of CUTPA.
"A party who assumes to speak must make a full and fair disclosure as to the matters about which he assumes to speak."Duksa v. Middletown, 173 Conn. 124, 127, 376 A.2d 1099 (1977). "The failure to disclose known facts and a request or a circumstance which imposes a duty to speak, forms the essence of fraudulent misrepresentation." O'Leary v. Industrial Park Corp.,14 Conn. App. 425, 433, 542 A.2d 333 (1988). "A claim of negligent misrepresentation may be based on a defendant's failure to speak when he has a duty to do so." Eremita v. Stein,
Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 463210 (November 2, 1995, Arena, J.). In DePasquale v. Day, Berry Howard, the court denied a motion to strike a claim of negligent misrepresentation where the plaintiff alleged that the defendant failed to speak when he had a duty to do so. De Pasquale v. Day, Berry Howard, Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 450218 (March 31, 1994, Berger, J.; 9 CSCR 550, 551). The failure to disclose facts is also known as "passive misrepresentation, and under various circumstances may result in liability. . . ." (Internal quotation marks omitted.) Paresev. Statewide Grievance Committee, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 348079 (April 21, 1993, Wagner, J.).
Here, the plaintiff alleges that Brescia violated his CT Page 5572 duty of care by, among other things, failing to warn of the inadequacy of the sprinkler system. The plaintiff alleges that Yost breached its duty of care by failing to notify the plaintiff of defects and sub-standard work on the project, as well as the Requests for Modification, the Fire Marshall's rejection of the sprinkler system, and the inadequacy of the installation and design of the sprinkler system. The plaintiff alleges that Spiewak violated his duty of care by failing to disclose that the sprinkler system did not comply with modifications, as well as the failure to disclose the Requests for Modification or to notify the plaintiff of the substandard sprinkler system. By these allegations, the plaintiff has alleged misrepresentation against the defendants.
These allegations of misrepresentation are sufficient to state a cause of action under CUTPA. In fact, "[n]egligent conduct supporting CUTPA claims usually involve negligent misrepresentation." Biondi v. Ste. Lacar Holdings, supra. See also Cardello v. Reves, Superior Court, judicial district of New London, Docket No. 501475 (April 15, 1988, Walsh, J.; 3 CSCR 466) (misrepresentation of septic system sufficient to state claim under CUTPA); Sadek v. Vitka, Superior Court, judicial district of New Haven, Docket No. 252140 (July 28, 1987, Reynolds, J.;2 CSCR 876) (allegations of misleading representations sufficient to constitute violation of CUTPA).
In Prishwalko v. Bob Thomas Ford, the court held that the plaintiff's allegation of innocent misrepresentation was sufficient for relief under CUTPA. Prishwalko v. Bob ThomasFord, 33 Conn. App. 575, 583, 636 A.2d 1383 (1994). In Ortiz v.Donmar Development Corp., the court held that the plaintiff's allegation that a subcontractor did not properly grade the property was tantamount to withholding material information; withholding material information is one of the four primary categories of practices that have been prohibited as unfair by the Federal Trade Commission. Ortiz v. Donmar Development Corp.,
Superior Court, judicial district of New Haven, Docket No. 347957 (December 19, 1994, Zoarski, J.). Here, the plaintiff has alleged that the defendants failed to inform it of defects in the complex and in the sprinkler system, i.e., that the defendants unfairly withheld information. The plaintiff has alleged facts sufficient to state a claim under CUTPA. As a result, the motion to strike count fourteen and sixteen is denied.
Finally, the motion to strike the third paragraph CT Page 5573 prayer for relief is granted, but the motion to strike paragraphs two and four is denied. The plaintiff's prayer for relief includes "2. consequential, compensatory, exemplary, and punitive damages; 3. costs, together with interest, and attorney's fees; 4. damages pursuant to [CUTPA]." (Second Amended Complaint, p. 50.)
"Allegations of misrepresentation sufficiently allow the plaintiff to seek punitive damages." Fishman v. L MDevelopment, Superior Court, judicial district of Litchfield, Docket No. 057205 (August 26, 1992, Pickett, J.; 7 CSCR 1118,1120). Punitive damages and attorneys' fees under CUTPA are discretionary. Amendola v. Giammattei, supra. Accordingly the motion to strike prayers for relief, paragraphs two and four, is denied.
With regard to the third paragraph prayer for relief, an opposing party is not entitled to attorneys' fees absent statutory or contractual authorization. Cummins Engine Co. v.KCS Industries, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 322280 (August 1, 1995, Freedman, J.;15 Conn. L. Rptr. 162). "[N]or is a party entitled to recover costs or damages for the expenses of litigation." Id. The plaintiff has a statutory basis for attorneys' fees in CUTPA. The plaintiff, however, has asked for attorneys' fees under CUTPA in the fourth paragraph prayer for relief. Thus, it appears that the third paragraph is not based on the statutory authorization of CUTPA. The plaintiff has not alleged any other statute or contract which would support its claim for attorneys' fees and costs. Therefore, Brescia's motion to strike the third paragraph prayer for relief is granted.
Licari, J.